SHARP S. REYNOLDS, plaintiff in error, *vs.* P. R. MARTIN *et al.*, executors, defendants in error.

1. When the auditor's report finds simply a balance due, as in this case, $114 00, and does not specify the result reached by him on any issue either of law or fact submitted for his investigation and made by the pleadings, the report is too vague and indefinite; no exceptions can be made intelligently thereto; nor can the court well determine whether the auditor erred

in law, or the jury review with facility his finding on any issue of fact. In such case, the report should be remanded to the auditor for want of fullness and certainty.

2. It is not error to refuse to continue a cause arising on exceptions to an auditior's report on the ground of time to procure the attendance of witnesses, when the exceptions are purely matters of law, and all the facts necessary to determine them may be found in the record and the report.

Continuance. Equity. Practice in the Superior Court. Auditor. Before Judge RICE. Hall Superior Court. September Term, 1875.

Reported in the opinion.

ESTES & BOYD, for plaintiff in error.

J. F. LANGSTON, for defendants.

JACKSON, Judge.

1. The auditor's report in this case exhibited no facts, nor did it show his decision on any point of law submitted by the bill and answer. Points of law and issues of fact, such as the right of the respective parties to commissions and the title to certain property, the contest being between' legatees and co-executors, were made in the pleadings, and the report is nothing but a verdict that one party recover of the other so much money. The auditor should have reported specifically his finding on the facts, on each issue litigated before him, and his ruling upon the law on issues of law made. This is *the result* which the Code, section 3137, construed in connection with sections 3138, 3139, 3140, 3097, 4202, 4203, 4204, means. In this case, exceptions were filed for want of fullness and certainty, and were overruled by the court below. We think that it erred therein, and that it should have remanded the report to the auditor for specifications of his rulings on the law and findings on the evidence upon the issues submitted under the pleadings. In no other way could exceptions on law and fact to the conclusions of his report be intelligently framed or adjudicated by the court and jury. We reverse the judgment on this ground.

2. The motion for a continuance was properly overruled. The record and the report furnished all the evidence necessary to pass upon the exceptions, and there was no necessity for witnesses. The application for a continuance was not based upon want of time to frame exceptions, but for want of time to prove them by testimony, and no testimony being necessary for the purpose except that in court, of course the continuance was properly refused. But as we hold that the report should have been remanded for want of certainty and fullness, we reverse the judgment.

Judgment reversed.