John H. Hoofstitler and Christian L. Stoner, Surviving Executors of the last will and testament of Jacob Hostetter, deceased, Appellants, *v.* D. Herbert Hostetter, Administrator of David Hostetter, deceased, and Charles W. Cooper, Surviving Executor of the last will and testament of George W. Smith, deceased.

*Equity—Equity practice—Amendment of bill—Delay.*

Plaintiffs in a bill in equity will not be permitted to amend their bill after a delay of several years and after the testimony of both sides has been taken.

*Equity—Equity practice—Delay in taking testimony—Rules of court.*

Where a rule of court provides that if the parties shall fail to present to a master for hearing the matter referred for twenty days after such reference, the order appointing the master shall become void, and the plaintiffs in a bill in equity delay to offer testimony for more than twenty days, and the testimony is taken " pursuant to agreement," the court will not, after three years and after the testimony has all been taken and the master's report filed, grant plaintiffs' motion to strike from the record the master's report and the testimony.

Argued Oct. 28, 1895. Appeal, No. 24, Oct. T., 1895, by plaintiffs, from decree of C. P. No. 1, Allegheny County, Dec. T., 1890, No. 124, on bill in equity. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to declare void an assignment of a secret recipe for the manufacture of Dr. J. Hostetter's Stomach Bitters alleged to have been made by Jacob Hostetter to David Hostetter on February 17, 1858.

The bill alleged that at the time the assignment was made Dr. Jacob Hostetter was an imbecile.

The bill was filed on September 23, 1890. Defendants filed their answer on November 25, 1890, and on April 11, 1891, W. K. Jennings, Esq., was appointed examiner and master. Nothing further was done until June 3, 1891, when the parties met and "pursuant to agreement" proceeded to take testimony.

After the testimony was taken, the plaintiffs on May 26, 1893, filed a petition for permission to amend their bill.

On September 18, 1893, the court made an order refusing to permit the amendment. On May 23, 1894, the master's report was filed. On May 26, 1894, plaintiffs made the following motion :

" And now, to wit, 26th of May, 1894, the plaintiffs by their attorney, Levi Bird Duff, move the court to strike from the record the report and testimony filed on the 23d day of May, 1894, by W. K. Jennings, Esq., under the order of reference of April 11, 1891, for the following reasons :

" 1. The parties having failed to present to W. K. Jennings, Esq., for hearing the matter referred for twenty days after said reference and the said W. K. Jennings, Esq., having failed to proceed under said reference for twenty days after the making thereof, the order of April 11, 1891, appointing said W. K. Jennings, Esq., master became and was null and void, and the same was vacated without further order, under Rule 17, court of common pleas, No. 1, and the said W. K. Jennings, Esq., had no authority to proceed and did not proceed under said order, and had no authority to, and cannot return the testimony, and report the facts and form of decree under said order.

" 2. There was no agreement made, nor does any agreement

or stipulation appear by the record, or in the report prepared by him, whereby said W. K. Jennings, Esq., was authorized to report the facts to the court, together with the form of decree.

" 3. There was no agreement made, nor does any agreement or stipulation appear by the record, or in the report prepared by him, whereby said W. K. Jennings, Esq., was authorized to return to court the testimony taken before him.

" 4. The said W. K. Jennings, Esq., not having made report on the matter referred, within six months after the commencement of the proceedings before him, nor within sixty days thereafter, with the written consent of the parties in interest, and the time for hearing and making report not having been extended by the court, the said W. K. Jennings, Esq., was not authorized under said order of reference to return to court the testimony taken before him, nor to report the facts and form of decree."

Rule of court XVII. is in part as follows:

" Whenever reference of any matter shall be made to a master to examine and report thereon, if the parties shall fail to present to him for hearing the matter referred for twenty days after such reference, the order appointing the master shall become and be null and void and the same be taken as vacated without further order.

" The master after such reference is brought before him shall proceed without delay to hear the matter referred and make report thereon to court within six months; the master, however, having the right with the written consent of the parties in interest or their attorney to extend the time for a further term of sixty days. The time for hearing and making report will not be extended by the court except upon petition filed setting out proper cause therefor. The master shall keep and return regular minutes of his proceedings showing the different sessions and the length of time actually consumed and the names of witnesses examined at each meeting and the cause of the delay, if any, so that the court must adjust the amount for the costs and expenses, and direct how the same be paid."

The court made an order dismissing plaintiffs' motion to strike off the master's report and testimony.

The Court said: It is very apparent that under the rule referred to in these exceptions the appointment of the master

was void after six months unless the party now complaining shall be held to have waived the right to complain of the noncompliance with the rule.

But it would be contrary to all our practice to hold that after the parties had gone on for nearly three years, to wit, from June 23, 1891, the time of first hearing before the master, until April 27, 1894, the time exceptions were filed to his report, without complaint or exception, to now strike the report, etc., off from the record.  The party now complaining did not finish his testimony till long after the six months had expired, and to now let him take advantage of his own delay would be intolerable, and if it is necessary an order will now be made nunc pro tunc extending the time so as to bring the case within the rule of court.

Order to strike off refused.

On October 23, 1894, the court entered a decree dismissing the bill.

*Errors assigned* were, (1) order refusing to permit amendment; (2) refusing to strike from record the report and testimony; (5) decree dismissing bill.

*Levi Bird Duff* and *F. E. Andrews, J. D. Andrews* and *O. F. Woodruff* with them, for appellants.—The amendment should have been allowed: 2 Roberts' Digest of British Statutes, 27 ; Iredell v. Klemm, 17 W. N. C. 426 ; 10 Story's Equity Pleading, 260, 893 ; Fellows v. Fellows, 4 Cowen, 682 ; Brinkkerhoff v. Brown, 6 John. Ch. 139 ; Andrew Stephens' Proceedings, sec. 17 ; Cox v. Tilghman, 1 Wharton, 282 ; Davis v. N. Y., L. E. & W. R. R., 110 N. Y. 646 ; act of 1864, Pur. Dig. 785, Pl. 62 ; Wilhelm's App., 79 Pa. 120 ; Dick's App., 106 Pa. 589.

The report and testimony should have been stricken from the record : Brennen's Est., 65 Pa. 16 ; Backus' App., 58 Pa. 186 ; Phillips' App., 68 Pa. 130 ; Worralls' App., 110 Pa. 349.

*D. T. Watson, Johns McCleave* with him, for appellee.—The amendment was properly refused: Brotzman's App., 119 Pa. 645 ; O'Malley v. O'Malley, 11 W. N. C. 39 ; Dougherty v. Murphy, 10 Phila. 509 ; Iredell v. Klemm, 17 W. N. C. 426 ;

Toomey v. Hughes, 25 W. N. C. 66; Seymour v. The Long Dock Co., 17 N. J. Eq. 169; Daniel's Chancery Pl. & Pr. vol. 1, 417; Mitford & Tyler's Pl.& Pr. 415; 1 Beach's Modern Equity Practice, 159; Turner v. Berry, 3 Gilman, 541.

The court properly refused the motion of plaintiffs to strike from the record the report and testimony filed on the 23d day of May, 1894, by W. K. Jennings, Esq.; Gibbon's App., 104 Pa. 587; City v. McMannis, 42 Leg. Int. 160.

PER CURIAM, January 6, 1896:

In view of the circumstances, the action of the court, in refusing plaintiffs' application for leave to amend their bill, was free from error.   The delay of several years in making the application was very great, and, moreover, it was not made until after the testimony on both sides was taken.   It would be contrary to every recognized precedent to allow an amendment in such a case: Story's Eq. Pl. sec. 887: 1 Dan. Ch. Pl. & Pr. 417; 1 Beach's Eq. Pr. sec. 159; 6 Am. & Eng. Ency. of Law, 807.

For like reasons, the refusal of plaintiffs' motion to strike from the record the masters' report and the testimony was entirely proper.   The delay was at plaintiffs' request and the taking of testimony was "pursuant to agreement."   As stated by the court below: "to now let them take advantage of their own delay would be intolerable, and if necessary an order will now be made nunc pro tunc extending the time so as to bring the case within the rule of court."   It is unnecessary to express any opinion as to the validity of the rule thus referred to.

We find nothing in any of the other specifications of error that would justify a reversal or modification of the decree; nor do we think that either of them involves any question that requires discussion.   They are all dismissed.

Decree affirmed and appeal dismissed with costs to be paid by the plaintiffs.