## LITTLETON & LAMAR *et al. v.* PATTON & COMPANY.

1. In an action on an award a petition is sufficient, as against a general demurrer, which alleges the existence of differences between the plaintiff and defendant, an agreement to submit the matters in dispute to arbitration, that the submission was mutual, setting forth the substance of the same, that the award was made in pursuance of the submission and conformed to the same in all material respects, that it was made within the time limited, if there was such time, and with the formality required by·the submission, and that the defendant has failed to perform it.

2. Where in such a suit it is alleged that under the contract between the parties the arbitration was to be had and was actually had in conformity to the rules of a named association, the method prescribed by such rules being set forth in substance, the rules themselves need not be literally set forth in the petition or attached thereto as an exhibit. Nor is it necessary that a copy of the award should be attached as an exhibit to the petition, the substance of the award being set out therein.

3. In an action on an award it is not necessary to set forth the evidence on which the award was based.

4. Under section 4589 of the Civil Code, a party desiring to file exceptions to an auditor's report must file the same within twenty days after the report is filed and written notice thereof given by the auditor to him or his counsel. A written notice signed by the auditor, deposited in the mail, directed to counsel at his place of business, and actually delivered there to his clerk, is a sufficient compliance with the statute ; more especially, when such clerk also received from the auditor verbal notice of the filing of his report. The law contained in the section just cited is mandatory, and makes no exception in favor of a person who is prevented by providential cause from filing his exceptions within the time prescribed.

5. A motion to recommit an auditor's report for any of the reasons set forth in section 4593 of the Civil Code is in its essence an exception to the report; and where the report is sufficiently full and definite to enable a judgment to be entered up thereon, any defect therein must be taken advantage of by exceptions filed within twenty days after the filing of the report and notice given.

Argued December 4,—Decided December 19, 1900.

Exceptions to auditor's report. Before Judge Littlejohn. Sumter superior court. May term, 1900.

*Hixon & Ansley,* for plaintiffs in error.

*J. H. Lumpkin,* contra.

Cobb, J.　Patton & Company brought suit against Littleton & Lamar.　The case was referred to an auditor, who made a report finding in favor of the plaintiffs, and upon this report a verdict and judgment were entered.　The case is here upon a bill of exceptions assigning error upon the judgment overruling a demurrer to the petition, and upon other rulings made during the progress of the trial.

1.　The allegations of the petition were, in substance, as follows: From October 17 to November 24, 1898, plaintiffs contracted with the defendants for the purchase of 3,000 bales of cotton of different grades and at various prices according to grade; the aggregate purchase-price being $76,809.07, which amount was paid to the defendants in consideration of their contracting to deliver the cotton to the order of the plaintiffs at Liverpool, England.　The defendants further contracted with the plaintiffs that the cotton so sold should be of the grades as sold, and in determining the grades both parties were to be governed by the rules of the Liverpool Cotton Association Limited, that is, that the grades of the cotton should come up to the standard prescribed by the rules of the association named.　It was further contracted between the parties that, upon the arrival of the cotton at Liverpool, in the event the plaintiffs were dissatisfied with the grades or any part of the same, arbitrators should be chosen by the parties, one by each, who should examine the samples and make an award allowing the plaintiffs whatever sum in their judgment represented the difference between the value of the grades of cotton as sold and those as claimed by the defendants, which award defendants agreed should be binding on them, and they further agreed that they would pay such sums as were allowed by the arbitrators.　It was alleged that the provisions for the appointment of the arbitrators were in accordance with the rules and regulations of the association above named, and that the arbitrators were members of that association and made their awards under and by virtue of the rules of the association, all of which was known to the defendants, who agreed to the same. It was further alleged that 3,000 bales of cotton were shipped to plaintiffs at Liverpool by the defendants as they had contracted, and upon arrival the plaintiffs notified the defendants that they were not satisfied with the grades of the same as claimed by defendants.　Whereupon arbitrators were chosen by the parties as provided in their contract and in conformity to the rules of the asso-

ciation above named, who examined the samples furnished by the defendants and made their award, allowing to the petitioners in the aggregate the sum of $1,850.66. The awards of the arbitrators were made as follows: "On January 14, 1899, they examined 800 bales of said cotton and allowed to your petitioners $618.39, which amount your petitioners aver then became due." The petition sets forth six other awards in language substantially the same as that above quoted; the amounts of the several awards aggregating the sum of $1,852.66. Of that amount the defendants have paid to the plaintiffs the sum of $150, leaving the sum of $1,702.66 still due, which defendants refuse to pay, notwithstanding demand has been made for the same. By reason whereof plaintiffs have been damaged in the sum named. To this petition the defendants filed a general demurrer, and also a special demurrer upon the following grounds: (1) The declaration does not set out wherein the cotton failed to come up to the grades claimed. (2) The petition does not set out the grades of any of the lots shipped as examined, or the difference in the grades, or the difference in value of the grades actually delivered and the grades contracted for. (3) The declaration does not attach a copy of the award referred to therein as an exhibit to the same, and does not set forth the substance of the rules of the Liverpool Cotton Association Limited, nor attach a copy of the same as an exhibit.

1. The petition set forth a cause of action as against a general demurrer. As against such demurrer, a petition in an action on an award is sufficient which alleges the existence of differences between the plaintiff and defendant, an agreement to submit the matters in dispute to arbitration, that the submission was mutual, setting forth the substance of the same, that the award was made in pursuance of the submission and conformed to the same in all material respects, was made within the time limited, if there was such time, and with the formality required by the submission, and that the defendant has failed to perform it. See 3 Enc. P. & P. 133. Applying this rule to the present case, the court did not err in overruling the general demurrer to the petition.

2. The petition set forth in substance the method prescribed by the rules of the Liverpool Cotton Association Limited, for settling the differences between parties with reference to grades of cotton, and distinctly alleged that under the contract between the parties

this method was to be followed and was actually followed. Such being true, it was not necessary to set forth, either in the body of the petition or as an exhibit thereto, a copy of the rules of the association. If as matter of fact the arbitration was not had in conformity to the rules of the association, this was matter of defense, there being nothing on the face of the petition to indicate otherwise than that the awards were made in conformity to these rules. Nor was it necessary to attach as an exhibit to the petition a copy of the award. The allegations as to this matter were sufficient.

3. According to the contract alleged in the petition, the arbitrators were to examine the cotton and determine whether the same was of the grade claimed by the defendants. It is alleged that this was done in each instance, and that the seven awards for different amounts were the result of such investigation. In an action on the award it is not necessary to allege what were the actual grades of each lot of cotton or what were the grades as claimed by the defendants. All that is necessary to be alleged, so far as this point is concerned, is that there was a difference in regard to the grades, that this difference was submitted to arbitration, and that the arbitrators rendered an award on the same. It is to be presumed that the arbitrators did their duty and rendered a true award, and the evidence upon which they acted is not necessary to be set forth in the plaintiffs' petition. The petition was not defective for any reason set forth either in the general or special demurrer.

4. The auditor's report was filed in the clerk's office on May 2, 1900. Certain exceptions of the defendants were filed on May 24. Upon motion of the plaintiffs, the court struck the exceptions, because not filed within twenty days after the report was filed. The code requires that the auditor shall give both parties or their counsel written notice of the filing of his report, and that within twenty days after such report is filed and such notice given either party may file exceptions. Civil Code, §§ 4588, 4589. It appears in the present case that on May 2, 1900, the auditor deposited in the mail, directed to counsel for the defendants, written notice of the filing of his report; that the same was delivered at the place of business of such counsel on that day by due course of mail, and that his clerk was verbally notified by the auditor of the filing of his report on the same day, but counsel himself was absent from his office, and from the city in which it was located, from the 2d of

May until the 4th, and did not himself receive actual notice, written or verbal, until the morning of the 4th; that on May 18 he was taken violently, suddenly, and unexpectedly sick, and was on this account unable to file the exceptions before May 24, the date on which they were filed; and that he was sole counsel in the case. On account of the reasons above referred to, counsel filed a motion asking that the exceptions might be filed nunc pro tunc. This motion was overruled.    The law does not require that notice of the filing of the auditor's report shall be served personally upon parties or their counsel.    The notice is required to be in writing, and we see no good reason why a notice deposited in the mail, directed to counsel at his place of business, and actually delivered there to one whom counsel has left to represent him in his absence, is not a substantial compliance with the law which requires that notice shall be given to counsel.    If the notice had been merely left at the office of counsel when he was absent, and there was no one there to represent him, a different question might arise.    But where, as in the present case, the person left to represent counsel not only received the written notice in his behalf but himself received verbal notice of the filing of the report, the law has been substantially complied with.    Under the facts of the present case, we have no difficulty in holding that counsel had notice of the filing of the report on the day that it was actually filed.    Under the law he had twenty days from this date to file exceptions.    The law makes no provision for extending the time in the event counsel is prevented by providential cause from filing the exceptions, and in the absence of a provision to this effect the court had no authority to allow the exceptions to be filed after the expiration of twenty days.    The intimation in *Cook* v. *Commissioners*, 62 *Ga.* 223, a case decided in 1879, that, after the expiration of the time fixed by the order for the filing of the exceptions, the court would have a right in its discretion to allow exceptions to be filed, has no application to the present case, for the reason that the act of 1894 (Civil Code, § 4589) imperatively requires that the exceptions shall be filed within twenty days.

5. After the expiration of the twenty days counsel filed a motion to recommit the whole case to the auditor, for' the reason that he had failed to make a finding upon what were claimed to be some of the material issues in the case.    A motion to recommit the report of the auditor for indefiniteness, omissions, errors of calculation,

failure to report evidence, errors of law, or other proper cause, is nothing more or less than an exception to the auditor's report, and we know of no law which would authorize what is really an exception to be taken advantage of, by calling it a motion to recommit, after the time for filing exceptions has expired. If the report of the auditor is so vague, indefinite, and uncertain that no legal judgment can be rendered thereon, of course the judge on his own motion may recommit the report to the auditor at any stage of the case; but when the auditor's report is sufficiently definite and full to authorize the judge to enter up a judgment on the same, if counsel desire to take advantage of any defect in the report, no matter of what character, they must file exceptions to the same within twenty days from the date the report is filed and notice given. See, in this connection, *Reynolds* v. *Martin*, 55 *Ga.* 628.

　　*Judgment affirmed.　All concurring, except Fish, J., absent.*