FLEETWOOD, administrator, *v.* BIBB, administrator.

COBB, J.  1. There was in the present case no error in striking the exceptions to the auditor's report on the ground that they were "not sufficiently specific to raise any question that could be properly referred to a jury or determined by the court." See *Mason* v. *Commissioners*, 104 *Ga.* 35 (3).

2. Even if exceptions of the character above referred to are amendable, an application to allow amendments to the same is addressed to the sound discretion of the court; and as there does not appear to have been any good reason or excuse for not presenting the exceptions in proper form within due time, the discretion of the judge in refusing to allow the amendments offered will not be controlled. See *Mohr-Weil Lumber Co.* v. *Russell*, 109 *Ga.* 591, and case cited.

3. A motion to recommit a case to an auditor, being in its essence an exception to the report, must be filed within twenty days after the filing of the report and notice given, where the report is sufficiently full and definite to enable a judgment to be entered up thereon. *Littleton* v. *Patton,* 112 *Ga:* 438 (5).

4. The report of the auditor in the present case was sufficiently specific in its findings to enable a judgment to be entered up thereon in favor of the defendant, and the court did not err, after all of the exceptions were stricken, in passing an order confirming the report and entering judgment in favor of the defendant.　　　　　*Judgment affirmed. All the Justices concurring.*

Submitted May 7,—Decided May 25, 1901.

Exceptions to auditor's report. Before Judge Candler. Thomas superior court. December 10, 1900.

*J. H. Merrill* and *C. P. Hansell,* for plaintiff.