## DONALSON *v.* FAIN.

1. The failure of an auditor to file his report within the time limited by the order of the court from which he receives his appointment is a mere irregularity, and a report thereafter filed is not a mere nullity. An objection that the auditor has disregarded the order in reference to the time in which the report shall be made must be urged by an exception raising that question, or by an independent motion to disregard the report, filed within twenty days from the date that the report is filed.
2. The case of *Peavy* v. *McDonald,* 119 *Ga.* 865, distinguished.

Submitted July 18, 1906.—Decided February 16, 1907.

Exceptions to auditor's report. Before Judge Harrell. Decatur superior court. January 6, 1906.

*Donalson & Donalson,* and *Powell & Pottle,* for plaintiff.

*B. B. Bower,* and *Albert H. Russell,* for defendants.

COBB, P. J. This was an equity case, which was referred to an auditor. The time for the auditor to make his report was extended by various orders; the final order of extension providing that the report should be filed thirty days before the next ensuing

term of court. The report was filed on October 17, 1900, and the next term of court convened on Tuesday after the second Monday in November following. On October 20, 1900, the defendant filed various exceptions to the report. The case was continued from time to time, and came on for a final hearing during term, on January 6, 1906. The plaintiff moved that all the exceptions be stricken, as being insufficient in law, and that a final judgment be entered in accordance with the report of the auditor. The court declined to pass upon the sufficiency of the exceptions, and overruled the motion of the plaintiff to enter final judgment on the report of the auditor, "solely upon the ground that it appeared from the record in the case that the report of the auditor was a nullity," the same not being filed within the time fixed by the order above referred to. To this ruling the plaintiff excepted. Under this assignment of error the only question presented for determination is whether the court erred in disregarding the report of the auditor altogether and treating the same as a nullity.

In the case of *Peavy* v. *McDonald,* 119 *Ga.* 865, the statement is made in the headnotes that the failure of an auditor to file his report within the time limited by the order of the court appointing him deprives him of all jurisdiction of the case, and that a report thereafter filed is a nullity. An examination of the original record in that case discloses that the objection to the auditor's report, on the ground that it was not filed in due time, was urged by an exception filed within twenty days after the report of the auditor was filed. Hence the only question presented in that case was whether an auditor's report not filed in the time fixed by the order of the court was good as against an exception duly filed, raising that objection. The failure to file the report in time is certainly an irregularity, and may be taken advantage of, either by an exception or an independent motion. Whether the objection filed in that case be treated as an exception pure and simple, or as a motion to disregard the report, it was filed within twenty days after the report was filed, and hence it was not necessary for the court to determine anything else than the simple question as to whether such an irregularity, taken advantage of by an objection filed within twenty days, would prevent the court from considering the report. The language, therefore, in the headnotes, in the case above referred to, was broader than was re-

quired by the question raised by the assignment of error, and that case must be limited as a precedent to the exact question which was then presented. The decision is binding authority only so far as it holds that when the report of an auditor is not filed within the time fixed by the order of court, the report can not be considered, over an objection filed within twenty days, raising the question that the report was not filed in due time. All else in the head-notes must be considered as mere obiter. In *Hart* v. *Manson,* 120 *Ga.* 481, it was distinctly held that when the report of an auditor is filed after the time provided by the order of the court, the remedy of the party objecting is to file exceptions in due time after the report is filed. It was therefore held that it was too late, after the superior court had entered a judgment upon the auditor's report, and that judgment had been affirmed by this court, to raise the question of the jurisdiction of the auditor to file his report after the time allowed by the order. The case of *Peavy* v. *McDonald* is cited in that decision, and what is said in the later case may be, with some propriety, considered as an interpretation of the ruling in the older case. In any event we do not think that there is such an authoritative ruling in *Peavy* v. *McDonald* as would constrain us to hold that the failure of an auditor to file his report at the time fixed by the order of court deprives the court of all jurisdiction of the subject-matter and renders the report a nullity. An auditor is an officer of the court, and the court may fix the time in which he shall make his report. It he does not make it in time, the parties may, by exceptions filed in due time, raise the objection and have the case recommitted; but the failure to raise a timely objection, urging delinquency on the part of the auditor, would amount to a waiver of this irregularity, and author-ize the court to treat the report of the auditor as properly before it. Hence, when an auditor's report has been filed, and no objection on the ground that it was not filed in due time is made until four years after it has been filed in the clerk's office, it is erroneous for the court to disregard the report of the auditor and treat it as a nullity. See, in this connection, *Littleton* v. *Patton,* 112 *Ga.* 438 (5) ; *Fleetwood* v. *Bibb,* 113 *Ga.* 619 (3).

    *Judgment reversed. All the Justices concur, except Fish, C. J., absent.*