## HALE *v.* OWENSBY.

1. An auditor is an officer of the court, whose office is to present to the court in intelligent form the various contentions of the parties and his rulings and conclusions thereon. Where a case is referred to an auditor, the court making the reference does not lose jurisdiction of either the parties or subject-matter; and if the auditor fails to hear the case within the time fixed for filing his report, the time may be extended by the court, or the parties may waive the stipulation as to time of filing the report, and proceed with the hearing.

(*a*) So much of the decision in *Peavy* v. *McDonald*, 119 *Ga.* 865, as holds that after the expiration of the time allowed in the order of reference an auditor loses jurisdiction, and that it is not in the power of the parties to waive his want of jurisdiction, is reviewed and overruled.

2. A party to an equitable action in which an accounting is prayed, who consents to an order of reference and proceeds with his case before the auditor, is estopped from objecting to the report on the ground that the auditor heard the case after the time fixed in the order for filing his report.

3. Where a party brings a petition to reopen, on the ground of fraud, a settlement which has been closed by note, and the defendant prays judgment against the plaintiff on the note, the burden of proof is on the plaintiff.

Submitted June 10,—Decided December 23, 1909.

Exceptions to auditor's report.     Before Judge Pendleton.     Fulton superior court.     December 22, 1908.

*Lowndes Calhoun,* for plaintiff.     *R. B. Blackburn,* for defendant.

Evans, P. J.     E. J. Hale brought an equitable petition against Mrs. S. L. Owensby, praying for an accounting and other relief. Upon the coming in of the answer the attorneys for the parties entered into a written agreement stipulating for a reference of the case to the auditor; and it was acordingly referred. 'In the order of reference it was directed that the report should be filed in the clerk's office of the superior court on or before the first Monday in September, 1906.     The auditor, after subscribing the oath provided by the statute, proceeded with the hearing of the case on October 25, 1906, and by consent the same was continued from time to time.     On February 10, 1908, the auditor filed his report; to which the plaintiff filed exceptions of law and fact.     Both exceptions of law and fact were overruled, and the report made the judgment of the court; whereupon the plaintiff sued out a bill of exceptions, complaining of so much of the judgment as overruled his exceptions of law.

1, 2.     The first exception of law was upon the ground that the auditor at the time of filing his report had lost all control and jurisdiction of the case, because the order of reference required him to report on the 1st Monday in September, 1906.     The argument advanced to support this contention is that the jurisdiction of the auditor depends upon the order of reference, and after the expiration of time limited .(in the order of reference) for the hearing and reporting, the auditor is without jurisdiction further to act.     In support of this argument we are cited to the case of *Peavy* v. *McDonald,* 119 *Ga.* 865 (47 S. E. 865), wherein it was held that "When by an order of court referring a case to an auditor he is directed to make his report at or before the next term of the court, and by subsequent orders duly passed the time within which he is authorized to file his report is limited to a given date, he is without power thereafter to act in the premises, his control over the case having become exhausted under the express terms of the order conferring upon him jurisdiction over the same.".     This case was later considered in *Donalson* v. *Fain,* 127 *Ga.* 682 (56 S. E. 1023), wherein it was held that the ruling in *Peavy* v. *McDonald* was not such as to constrain a holding that the failure of an auditor to file

his report at the time fixed by the order of the court deprived the court of all jurisdiction of the subject-matter, and render the report a nullity. It was further said that "An auditor is an officer of court, and the court may fix the time in which he shall make his report. If he does not make it in time, the parties may, by exceptions filed in due time, raise the objection and have the case recommitted; but the failure to raise a timely objection, urging delinquency on the part of the auditor, would amount to a waiver of this irregularity, and authorize the court to treat the report of the auditor as properly before it." There appears to be a conflict between these two decisions as to the power of the auditor to make, or the court to receive, his report after the expiration of the time limited by the order of reference. In the former case the order of reference is treated as jurisdictional; anything done after the time limited for making the report has expired is held void. The latter case treats the auditor as an officer of court, who is directed to file his report within a special time; but holds that the parties may waive the filing within the required time or, by their conduct, estop themselves from making the objection that the report was not filed at the proper time. Permission was granted to review both of these cases, with a view of determining the correct rule of law and procedure. After careful consideration we have reached the conclusion that the rule as stated in *Donalson* v. *Fain* is the sound one. An auditor performs substantially the same functions which a master in chancery did under the old English practice. He is but an assistant of the court. His office is to present to the court, in intelligent form, the various contentions about which the parties are at issue, so that the court may finally determine the rights of the parties. His report is not a finality; it settles no rights until it has the sanction and approval of the court. When the court directs its assistant to hear evidence, and report his findings of law and fact within a certain time, it is his duty to obey the court's mandate. If, for any reason, the auditor can not hear the case or make his report within the prescribed time, the court, on its own motion or at the instance of the parties, may extend the time. If the report is filed after the expiration of the time, and the parties either consent to the filing or make no objection thereto, it will be too late thereafter to raise the point of tardiness in the filing of the report. Parties may not trifle with a court of justice, by filing exceptions to the

report of the court's officer on other grounds, and inviting the ruling of the court on these grounds, and thereafter say that the action of the court in ruling upon the issues made by them, after the filing of the report, shall go for naught because of lack of jurisdiction of the auditor. It is the court which has at all times jurisdiction of the subject-matter and the parties. While the case was temporarily with the auditor, it was still within the jurisdiction of the court, and the auditor's action was not independent of the court, but by virtue of the court's power to invoke the assistance of its officer in the analysis and presentation of the real issues in the case. While the case is before the auditor the parties may object to his further proceeding after the time for making his report has expired. If the objection is promptly made then, the time may be extended by the court. A party to an action in which an accounting is prayed, who consents to an order of reference and proceeds with his case before the auditor, can not, on exceptions to the report, be heard to say that the auditor did not proceed within the time fixed in the order. Morris *v.* Haas, 54 Neb. 579 (74 N. W. 828) ; Hoofstitler *v.* Hostetter, 172 Pa. 575 (33 Atl. 753). When the case was called by the auditor, the parties knew the time had expired; they knew, or should have known, whether a new order had been granted by the court, or that the auditor was acting by virtue of the original order of reference. If either party desired to dispute the power of the auditor to proceed further, because of the expiration of the time fixed in the order, he should have done so before proceeding with the case before the auditor. By going on he was not hurt, nor deprived of any right or privilege; and it is too late to urge against the acceptance of the auditor's report that the case was heard and filed after the time fixed in the order.

3. The other exception of law to the auditor's report is that the auditor ruled that the burden of proof was on the plaintiff, and not on the defendant. The plaintiff's action was to set aside, on the ground of fraud, a settlement between the parties, which resulted in the execution of two notes aggregating $320. The defendant denied the fraud, and prayed judgment on the notes. The auditor found against the plaintiff's contention, and awarded judgment in favor of the defendant against the plaintiff for the amount of the notes. The overruling of the exception of law on this ground was clearly right. *Judgment affirmed. All the Justices concur.*