## SMITH v. SMITH.

EVANS, P. J.  1. A petition by one partner against his copartner, praying for a dissolution of the partnership, an accounting, and an injunction, is an equitable proceeding (*Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951)), and the judge may refer all or any part of the facts to an auditor to investigate and report the result to the court.

2. "If the auditor failed to report with sufficient fullness on any issue, a motion for a rereference, not an exception to the report, was the proper remedy." *Fricker* v. *Americus Improvement Co.*, 124 *Ga.* 165 (7), 172 (52 S. E. 65).  Civil Code, § 4593.

3. The motion to recommit an auditor's report must be filed within twenty days after the report is filed, and written notice thereof given by the auditor to the parties.  *Littleton* v. *Patton*, 112 *Ga.* 438 (37 S. E. 755).

4. An application for mandamus to the auditor, to compel certification of exceptions relating to matters not appearing on the face of the record, comes too late when made after the lapse of thirty days from the filing of the exceptions.  Civil Code, § 4591.

5. It is within the discretion of the court, in an equitable action, to apportion the auditor's fee against the parties.

6. The decree was in accordance with the report of the auditor.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1911.

Exceptions to auditor's report.  Before Judge Park.  Decatur superior court.  November 25, 1909.

*J. P. Pelham* and *L. W. Nelson*, for plaintiff in error.

*Perry D. Rich*, contra.

---

## GATLIN v. PEACOCK.

EVANS, P. J.  1. There was no abuse of discretion in refusing a continuance to the defendant.

2. In an action of complaint for land by the widow of a vendee against the vendor in possession, profert in evidence of a deed from the vendor to the vendee, conveying the premises, and testimony that the plaintiff is the widow and sole heir at law of the vendee, who died leaving no debts and upon whose estate there is no administration, makes out a prima facie case for the plaintiff.  Powell on Actions for Land, § 384. Civil Code § 3355.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1911.

Ejectment.  Before Charles P. Hansell, judge pro hac vice. Thomas superior court.  November 29, 1909.

*Roscoe Luke*, for plaintiff in error.

*Fondren Mitchell* and *J. H. Merrill*, contra.