BICKERSTAFF *v.* TURNER.

38

*John Gordon Morris Jr., B. J. Dantone,* and *James R. Venable,* for plaintiff.

REID, Chief Justice. H. H. Turner filed his intervention in the case of *J. Rankin Bickerstaff* v. *Charles A. Bickerstaff,* claiming a lien against certain property belonging to Charles A. Bickerstaff (for convenience hereinafter referred to as the defendant), then in the hands of the receiver appointed in said case, by virtue of certain services which the intervenor as an attorney had rendered to the defendant therein. The auditor appointed by the court declined to serve, and thereafter counsel for the defendant and Turner, who was acting for himself, agreed on another auditor to hear and determine the issues made by the intervention. At the hearing before this auditor the parties agreed that although the auditor had not taken the oath required by statute, he might do so later at his convenience, and make a report of his findings. The auditor made a report of his findings and filed it in the office of the clerk of the superior court on July 7, 1938, and on the same day delivered a copy of it to Turner and to counsel for the defendant. He did not deliver to either of them any formal written notice such as provided by the Code, § 10-204. More than twenty days thereafter, on August 1, 1938, the defendant filed exceptions of law and of fact to the auditor's report. No motion to recommit the report was made at any time. On September 6, 1938, the judge of the superior court entered a judgment in conformity to the stipulation of the parties providing for the appointment of the auditor nunc pro tunc as of the date of the hearing,—confirmed the findings of the auditor and made them the judgment of the court. On September 13, 1938, counsel for the defendant filed a motion to set aside this judgment, which motion was predicated substantially on the grounds: (1) that written notice of the filing of the auditor's report had not been given to the parties or their counsel as provided in the Code, § 10-204; and (2) that the auditor was not

sworn as provided in § 10-104. This motion was denied, and exceptions were taken to that ruling.

■ It is conceded that the auditor did not give to the defendant the formal written notice as provided in the Code, § 10-204. It is, however, admitted by counsel for the defendant that the auditor served him with a copy of his report on July 7, 1938, the date it appears to have been filed in the office of the clerk of the superior court. The evidence adduced was sufficient to show that counsel for the defendant had actual knowledge that the report was filed in the clerk's office. In such case the failure of the auditor to give the formal written notice required by the Code did not constitute a ground for setting aside a judgment based on the report, for the purpose of considering certain exceptions of law and fact to the report, filed more than twenty days after it was filed and a copy served on the defendant.

■ The failure to take and file the oath prescribed by the Code, § 10-104, in the case of auditors appointed by the court, is such an irregularity as can be waived by the parties, and in any event should be taken advantage of by a motion to recommit the report to the auditor, which motion must be filed within twenty days after the filing of the report and notice thereof. Code, § 10-305; *Smith* v. *Smith*, 135 *Ga.* 582 (3) (69 S. E. 1110). The plaintiff in error thus seeks to have the judgment confirming the auditor's report set aside for a reason that was presented too late. The nature of this exception is not wholly unlike that under consideration in *Donalson* v. *Fain*, 127 *Ga.* 682 (56 S. E. 1023), where this court said: "An auditor is an officer of the court, and the court may fix the time in which he shall make his report. If he does not make it in time, the parties may, by exceptions filed in due time, raise the objection and have the case recommitted; but the failure to raise a timely objection, urging delinquency on the part of the auditor, would amount to a waiver of this irregularity, and authorize the court to treat the report of the auditor as properly before it." In *Harrison* v. *Harrison*, 115 *Ga.* 999 (42 S. E. 382), it was held: "That an auditor was not sworn according to law does not constitute a ground for an exception of fact to his report. The proper remedy in such a case is a motion, in due time, to recommit the case to the auditor." See also *Peyton* v. *McMillan*, 145 *Ga.* 179 (3) (88 S. E. 937). In the present case no motion to recommit

the report was filed, and therefore to allow the motion to set aside the judgment to be entertained on this ground would amount to evasion of these statutory requirements as to the filing of exceptions or motion to recommit. There was no error in the denial of the motion to set aside the judgment.

*Judgment affirmed. All the Justices concur.*