### 23382. COLLINS v. LYON, LYON & COMPANY, INC.

CANDLER, Presiding Justice. David Collins filed a suit in the Superior Court of Richmond County against Lyon, Lyon & Company, Inc. in which he prayed for an accounting and injunction. The case was referred to an auditor who, after hearing evidence, filed a report on October 13, 1965, in which he found that the defendant was not indebted to the plaintiff in any amount and at the same time he gave the parties written notice of such filing as required by *Code* § 10-204. His report recites: "I am attaching to this report the original transcript of all of the evidence adduced on said hearings as well as all of the documentary evidence submitted by each of the parties on said hearings." On November 5, 1965, the plaintiff filed a motion to recommit the auditor's report on the ground that he had failed to file therewith a brief of the evidence as required by *Code* § 10-203. On the hearing of such motion it was shown that the auditor did in fact file with his report the evidence, both oral and documentary upon which his findings were based and on December 7, 1965, the judge refused to recommit the report, confirmed it, and in conformity therewith entered judgment in favor of the defendant. The plaintiff filed notice of appeal and enumerated as error, (1) the judgment refusing to recommit the auditor's report and, (2) the judgment rendered in favor of the defendant. In his enumeration of errors appellant states "that the records, documents and stenographic report upon which the report was based could not be located in the office of the clerk of the superior court until after the time for filing exceptions had expired." *Held:*

1. A motion to recommit the report of an auditor is in its essence an exception to his report which under *Code* § 10-301 must be made within 20 days after such report is filed and notice thereof given. *Littleton v. Patton,* 112 Ga. 438 (4) (37 SE 755); *Fleetwood v. Bibb,* 113 Ga. 618 (3) (38 SE 980). And in *Smith v. Smith,* 135 Ga. 582 (69 SE 1110), and in *Bickerstaff v. Turner,* 188 Ga. 37, 39 (2 SE2d 643), this court held

that a motion to recommit an auditor's report must be made within 20 days after such report is filed and notice thereof given. However, *Code* § 10-301 was amended in 1964 (Ga. L. 1964, p. 697; *Code Ann.* § 10-301) so as to authorize the trial judge to extend the 20-day period for filing exceptions to an auditor's report when an application therefor is made to him prior to the expiration of 20 days after such report is filed and notice thereof given. In the instant case no application for any extension of time for filing exceptions was made and the motion to recommit the auditor's report was not made until 22 days after such report was filed and notice thereof given. Hence, the motion to recommit was made too late to be considered.

2. The report of the auditor in the present case was sufficiently specific in its findings to enable a judgment to be entered up thereon in favor of the defendant; and, in the absence, as here, of any valid exception to the report, the court did not err in passing an order confirming it and entering a judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*

Argued March 14, 1966—Decided March 22, 1966.

*John D. Watkins,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellee.

