Daniel *vs.* Foster.

---

M. E. DANIEL, administratrix, plaintiff in error, *vs.* OLIVER P. FOSTER, administrator, defendant in error.

1. The leave of absence of counsel does not extend to any other cases than those in which he appears to be of counsel on the dockets of the Court.

2. Where a new trial was granted on an agreed state of facts, which judgment was reversed in this Court, it is competent for the movant to amend his motion before the judgment of this Court is made the judgment of the Superior Court, by showing that the facts were agreed to under a mistake as to their truth.

3. When a judgment has been *affirmed* on a statement of facts contained in the bill of exceptions, a different question might arise, but in this case the judgment was *reversed*, and the whole case was open for further investigation, and the truth may be shown.

Attorneys. Leave of absence. Practice in the Superior Court. Amendment. New trial. Judgment. Estoppel. Before Judge CLARK. Sumter Superior Court. October Term, 1872.

For the facts of this case, see the decision.

W. A. HAWKINS; N. A. SMITH, for plaintiff in error.

C. T. GOODE, for defendant.

WARNER, Chief Justice.

On the 21st day of December, 1867, the plaintiff brought his action against the defendant in the County Court of Sumter, on a receipt for ten bales of cotton, which the defendant

was to return in like quality and weight, as specified in the receipt, which was dated 15th November, 1860. A trial was had in the County Court and a verdict rendered for the plaintiff for the sum of $1,500 00, and a judgment entered thereon. After the adoption of the Constitution of 1868, abolishing the County Court, the records and papers appertaining thereto were transferred to the Superior Court, and at the April term, 1869, of the latter Court, a motion was made for a new trial in the case, on the grounds that defendant's counsel had leave of absence from the Court, and that the County Court was abolished at the time said verdict and judgment was rendered. The Court granted the new trial on the last ground, holding that the County Court was abolished in April, 1868, to which the plaintiff excepted, and brought the case to this Court. It appears from the original bill of exceptions in that case that it was agreed that the verdict in the County Court was rendered on the 20th day of July, 1868, and that the judgment was entered thereon on the 22d day of July, 1868. This Court held and decided that the Constitution of 1868 went into operation and took effect on the 21st day of July, 1868, and that the County Court was not abolished prior to that date, and reversed the judgment of the Court below, holding that, as it then appeared, from the statement of facts in the bill of exceptions, that the verdict was rendered on the 20th, before the Court was abolished, and the judgment entered on the 22d, after the Court was abolished, that it was the duty of the Superior Court to have entered a judgment on that verdict, unless some good and sufficient cause was shown other than the abolishment of the County Court on the 21st day of July, 1868: See *Foster, adm'r, vs. Daniel,* 39 *Georgia Reports,* 39. When the case was remanded back to the Court below, and before the judgment was entered on the verdict, the defendant amended his motion for a new trial, so as to show from the records of the County Court that the verdict was, in fact, rendered in that Court on the 22d of July, after the Court was abolished, and not on the 20th, and that fact does so appear from the records of that Court. The defendant also

Daniel *vs.* Foster.

offered the additional affidavit of Price, going to show that he would prove that the plaintiff's demand had been paid. The Court overruled the motion for a new trial, and the defendant excepted.

1. There was no error in overruling the motion on the ground of the leave of absence of the defendant's counsel, on the statement of facts contained in the record. The defendant had filed no plea, and his counsel had not marked his name to the case, and when it was called neither the Court nor the plaintiff's counsel knew that the defendant had any counsel in that case when the verdict was taken. The leave of absence of counsel by the Court cannot properly be said to extend to any other cases than those in which he appears to be of counsel on the dockets of the Court. It is not the business or duty of Courts to protect parties, or their counsel, from the consequences which result from their own negligence.

2. The fact that the verdict was obtained on the 20th of July, as stated in the original bill of exceptions, was evidently a mistake, as is now shown by the records of the County Court, and the question is whether the defendant was estopped from showing the truth of the matter when the judgment of the Court below was reversed, and before there was any judgment entered on the verdict. In our judgment, he was not concluded, on the statement of facts disclosed by the record, and that the Court below should have set aside the verdict and granted a new trial.

3. When a judgment has been *affirmed* on a statement of facts contained in the bill of exceptions, a different question might arise, but in this case the judgment was *reversed*, and the whole case was open for further investigation, and the truth may be shown.

Let the judgment of the Court below be reversed.