county or municipal court, and declares the same illegal and void; and therefore said court had no jurisdiction in said case. (2) The filing of the bonds aforesaid does not amount in law to a general appearance and a waiver of all questions as to the validity of the attachment. (3) There were no pleadings that would authorize the passing of any such order. This bill of exceptions specifies, as the parts of the record material to a clear understanding of the errors complained of, the attachment, the bonds to dissolve the garnishment, the declaration, and the order which is excepted to. The judge's certificate thereto is dated December 23, 1891. In the Supreme Court the defendant in error moved to dismiss the bill of exceptions, on the grounds, among others, that there is no exception to the final judgment; and that it does not appear from the record specified by plaintiff in error, that any final judgment has yet been rendered in the court below, the order excepted to being one *pendente lite*, and there being no averment of any action had thereunder.

The defendant in error took a cross-bill of exceptions to the passage of another order by the court, not material here. From this cross-bill it appears that after the passage of the order of November 24, the case proceeded, and after the introduction of evidence by the plaintiff, resulted in a verdict for him, upon which judgment in his favor was entered on November 25.

GEORGE A. MERCER, JOSEPH B. CUMMING and BRYAN CUMMING, for the bank.

FRANK H. MILLER and WILLIAM K. MILLER, *contra*.

---

## LECROY *v.* THE STATE.

1. Under a statute (Code, §4372) making it an offence to use to or of another opprobrious words, the accused may be convicted on an indictment charging conjunctively that the words were used to and of another, though the evidence shows that they were used of

but not to him, the other requisites of the offence being properly charged and fully established.

2. In making his unsworn statement before a municipal court in defence to a charge of breach of the peace in violation of an ordinance, a person is not privileged to use of another and in his presence opprobrious words or abusive language tending to cause a breach of the peace, unless the matter to which the words relate has or he honestly believes it has some relevancy to the charge on trial or to a legitimate answer or defence thereto  The Queen *v.* Hutchins, 7 Irish Common Law Rep. 425.  And after the presiding officer of the court has ruled them out of order, they should be treated as presumptively irrelevant, nothing to the contrary appearing.  A repetition of them, after such ruling, with no evidence tending to show that the speaker honestly believed them to be relevant or tending to vindicate his good faith in the persistent use of them, may constitute a misdemeanor, within the section of the code above referred to.

3. The evidence warranted the verdict.          *Judgment affirmed.*

May 18, 1892.

Criminal law.  Opprobrious words.  Before Judge McWHORTER.  Hart superior court.  March term, 1892.

Indictment for using opprobrious and abusive language to and of one Williams and in his presence, tending to cause a breach of the peace.  The question is, whether a verdict of guilty is supported by evidence showing as follows: The defendant and one Williams were brought before the mayor of Hartwell for trial, charged with a breach of the peace, in violation of the ordinances of that town.  Williams pleaded guilty.  The defendant pleaded not guilty, and after the introduction of the evidence, made a statement in his defence, in which, speaking of Williams, he said, "He swore a lie," referring to a former trial in which Williams was a witness.  After being called to order by the mayor, he repeated the language.  It was used to the mayor as a court trying the case.  Williams was one of a number of people in the room at the time, and heard what the defendant said.

McCURRY & PROFFITT, by brief, for plaintiff in error.
W. M. HOWARD, solicitor-general, by brief, *contra.*