## HENDERSON *v.* CRAWFORD *et al.*

ATKINSON, J.   An equitable action was instituted by a trustee in bank-
ruptcy against subscribers to capital stock in a domestic corporation,
based upon their stock-subscription contracts, alleging, among other
things, that the company had illegally organized and commenced busi-
ness before the minimum amount of capital stock had been subscribed,

and had obtained credit on the faith of the corporation having been lawfully organized; and praying that the defendants be required to pay in a sufficient proportion of their subscriptions to satisfy the debts of the corporation, and for other relief. Certain of the defendants filed a joint answer in the nature of a cross-bill, setting up, among other things, certain transactions between the defendants in the main suit and other persons, out of which equities had arisen, and praying that the several persons at interest be made parties to the case, and that specific equitable relief be granted as to each. A third person, alleging herself to be a transferee of one of the persons sought to be made a party in the cross-bill, filed a separate intervention seeking to be made a party and to recover a judgment on a note issued by one of the defendants named in the original petition, but having no reference to his stock subscription. The defendant last mentioned filed a demurrer to the cross-petition, and also a demurrer to the intervention last above mentioned; and both were referred to an auditor to whom the case in its entirety had been referred by the court, for decision upon all questions of law and fact. In his report the auditor did not make any ruling upon either of the demurrers. The demurrant duly filed a motion to recommit. He also filed exceptions of law and exceptions of fact to the auditor's report. The motion to recommit and the exceptions were overruled, and a final decree was entered, which, in so far as necessary to be stated, gave judgment for the intervenor against the defendant last mentioned for the amount due upon the note. Error was assigned upon the various rulings of the court, including the refusal to recommit. *Held*, that the judgment of the court refusing to recommit the case was erroneous. Direction is given that the judgment complained of be reversed, in so far as it affects the plaintiff in error, on the ground that the presiding judge refused to order a rereference to the auditor; that the case be returned to the court below, without adjudicating the merits of the other grounds of exceptions, and without prejudice to the rights of either party in the future progress of the case. *Hosher v. Fitzpatrick*, 142 *Ga.* 384 (82 S. E. 1065).

*Judgment reversed, with direction. All the Justices concur.*
No. 585. SEPTEMBER 14, 1918.

Exceptions to auditor's report. Before Judge Bell. Fulton superior court. May 24, 1917.

*E. M. Smith, McLaughlin & Jones,* and *Moore & Pomeroy,* for plaintiff in error. Counsel contra as in case next preceding.