27285. ARNOLD *v.* GEORGIA SECURITIES CO.

DECIDED MARCH 15, 1939.

*George B. Brooks,* for plaintiff in error.
*Tolnas & Middlebrooks,* contra.

MACINTYRE, J. This is the second appearance of this case in this court, the former appearing under title of *Georgia Securities Company* v. *Arnold,* 56 *Ga. App.* 532 (193 S. E. 366). An affidavit of illegality was filed to the levy of the execution on three grounds. The trial court found that no evidence was introduced in support of two of these grounds. This court held that such finding was in effect a finding against such grounds. The trial court held as to the third ground that the illegality should be sustained. This court reversed that finding, and held that the evidence required a different finding as a matter of law under the pleadings. Such affidavit of illegality can not be amended in the trial court by setting up new and independent grounds of illegality or involving issues not pre-

sented and urged in the first trial of the case. This court held that where a judgment, attempted to be asserted in a court of bankruptcy, had been disallowed in said court because the statutory period for filing claims in said court had expired, this was not an adjudication by the bankrupt court that such judgment was a void judgment. Such judgment which had been disallowed by the bankrupt court could be levied upon property upon which its lien as a judgment had attached, where it appeared that such property had not been administered by the bankrupt court but had been turned back to the bankrupt.

After a decision by this court that there was no merit in the ground of illegality interposed to the levy of the execution, the defendant in fi. fa. could not amend his illegality and interpose other and different grounds. The decision of this court when the case was here before left nothing for the trial court to decide or try except to follow the instructions laid down. The amendments offered before the remittitur was filed, setting up other grounds, were properly disallowed. The opinion of the trial judge disallowing such amendments and entering up final judgment sets out clearly and concisely the law in respect thereto. It is true that where a demurrer to a petition is overruled in the trial court, and upon review this court determines that such ruling was erroneous and that such demurrer should have been sustained, the trial court, before the judgment of this court is made its judgment, may allow amendments which meet the defects pointed out by the demurrer. This presupposes that there is an amendable defect. Such a ruling is not authority for the position that a defendant may successfully assert a ground of illegality in the trial court and then, if such ground be held to be invalid in this court, amend when the remittitur comes down and assert another ground of illegality to be heard and determined. This is an entirely new cause of action, and the allowance of such amendment would be "to allow too many bites at one cherry."

The court did not err in disallowing the amendments and in ordering the levy to proceed.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*