HOLTON *et al. v.* LANKFORD *et al.*

No. 12827. NOVEMBER 16, 1939. REHEARING DENIED DECEMBER 16, 1939.

*Memory & Memory, R. A. Moore,* and *B. G. Oberry Jr.,* for plaintiffs.

*Powell, Goldstein, Frazer & Murphy,* and *W. C. Lankford,* for defendants.

BELL, Justice. Mrs. Rilza T. Holton filed an application for registration of title to land. Mrs. Mattie L. Lankford filed de-

fenses, and a cross-petition praying for registration of the land in her own name. Other persons intervened on both sides. For convenience, Mrs. Holton together with those who intervened on her side may sometimes be referred to herein merely as the *plaintiff*. Mrs. Lankford and the intervening defendants may in like manner be designated in the singular, as the *defendant*. The examiner made a report containing findings of law and of fact in favor of the plaintiff. The defendant filed exceptions of law and of fact to these findings. Neither party demanded a trial by jury upon any issue of fact arising upon the exceptions to the examiner's report. The judge of the superior court overruled the exceptions, approved the report, and entered a decree in favor of the plaintiff. The defendant excepted to the adverse rulings on the exceptions to the report of the examiner, and to the final decree. This court reversed the judgment, holding that under the evidence the plaintiff was not entitled to have the land registered in her name, but that the defendant was entitled to registration of her claim, as prayed in her cross-petition, and that the court erred in overruling the exceptions of the defendant to the report of the examiner, and in entering final decree in favor of the plaintiff. *Lankford* v. *Holton*, supra. The *judgment* of this court was that the judgment of the trial court "be reversed, because the court erred in overruling the exceptions of the defendants to the report of the examiner, and in decreeing in favor of the petitioner and the intervenors." No direction was given. Before the remittitur was filed in the superior court, the plaintiff offered one of the amendments referred to in the preceding statement. After the remittitur was filed, the plaintiff offered the other amendment, each including a prayer to recommit. Later, but before any judgment was entered on the remittitur, rulings were invoked as to allowance of the amendments, and they were both disallowed and stricken. Next, the court entered an order making the judgment of the Supreme Court the judgment of the superior court, and then, without further proceedings, rendered a judgment canceling or revoking the previous decree registering the land in the name of the plaintiff and decreeing registration in favor of the defendant. To the orders disallowing the amendments and to the subsequent decree the plaintiff excepted.

The following provisions of the land-registration act (Ga. L. 1917, pp. 108 et seq.; Code, title 60) are pertinent:

"The judge of the superior court of each judicial circuit in this State shall appoint at least one master, or auditor, who shall be known as the examiner, and who shall discharge the duties provided herein for the examiner, but whose relation and accountability to the court shall be that of auditor or master in the general practice existing in this State." Act, § 15; Code, § 60-301. "Upon the filing of a petition, as provided in this act, the clerk shall at once notify the judge, who shall refer the cause to one of the general examiners or to a special examiner." Act, § 16; Code, § 60-302. "Except as otherwise provided, the suit shall be subject to the general rules of equity pleading and practice." Act, § 5; Code, § 60-203. "At the time and place set for the hearing the examiner shall, in like manner as other auditors or masters in chancery, proceed with similar powers. . . Within fifteen days after such hearing shall have been concluded, the examiner, unless for good cause the time shall be extended by the judge, shall file with the clerk a report of his conclusions of law and of fact. . . Any of the parties to the proceeding may, within twenty days after such report is filed, file exceptions to the conclusions of law or of fact or to the general findings of the examiner. . . If the petitioner, or any contestant of petitioner's right, shall demand a trial by jury upon any issue of fact arising upon exceptions to the examiner's report, the court shall cause the same to be referred to a jury. . . The issue or issues of fact shall be tried before the jury, in the event jury trial is requested, upon the evidence reported by the examiner, except in cases where, under the provisions of law in this State, evidence other than that reported by the auditor may be submitted to the jury on exceptions to an auditor's report. . . The verdict of the jury upon the questions of fact shall operate to the same extent as it would in the case of exceptions to an auditor's report in an ordinary case in equity. In all matters not otherwise provided for, the procedure upon the examiner's report and the exceptions thereto shall be in accordance with procedure prevailing in this State as to auditor's reports in equity and exceptions thereto. The right to grant a new trial upon any issue submitted to a jury, and right of exception to the Supreme Court, are prescribed. The judge may rerefer or recommit the record to the examiner in like manner as auditor's reports may be recommitted in any equity cause; or he may, on his own motion,

recommit it to the same or any other examiner for further information and report." Act, § 20; Code, § 60-304. "Amendments to petitions or other pleadings . . may be ordered or allowed by the court, at any time before final decree, upon terms that may be just and reasonable. . . The examiner shall have these powers, subject to review by exception to his reports." Act, § 24; Code, § 60-219. "After the record shall have been *perfected and settled,* the judge of the superior court shall *thereupon* proceed to decide the cause; and if, upon consideration of such record, the title be found in the petitioner, the judge shall enter a decree to that effect. . . If, upon consideration of the record, he finds that the petitioner is not entitled to a decree declaring the land entitled to registration, he shall enter judgment and decree accordingly. If any person shall have filed a cross-action praying for the registration of the title to be found in him, the judge may enter a decree to that effect." Act, § 26; Code, § 60-222. (Italics ours.)

Other relevant statutes will be mentioned later in this opinion.

■ Regardless of the amendments offered by the plaintiff, the court erred in decreeing registration in favor of the defendant. Under the land-registration act, there can be no registration without findings of fact in favor of the party whose title is registered. Nor is this requirement peculiar to the land-registration act. It is a fundamental rule of law applying generally to judgments. The examiner here made a report consisting of findings of law and of fact. These findings were in favor of the plaintiff. No finding of any kind has ever been made by an examiner in favor of the defendant, in accordance with the statute. This court reversed the judgment without direction, and in the circumstances a direction would have been improper. As was stated in the former opinion *(Lankford v. Holton,* 187 *Ga.* 114), an appellate court will not as a general rule make findings of fact, even though the evidence clearly warrants them; nor will it add to a special finding, unless that which is added results as a necessary conclusion from the facts found. The judgment of reversal, without more, operated only to vacate the orders and the decree as therein stated, and to reinvest the trial court with jurisdiction, on the filing of the remittitur in the office of the clerk of the trial court. It did just this, and nothing more. It neither served as a substitute for findings for the defendant, nor enlarged the powers

of the trial judge in reference thereto. Code, §§ 6-1802, 6-1804, 6-1805, 70-402, 70-403, 81-1415; *Savannah Shoe Factory* v. *Kaiser,* 108 *Ga.* 767 (33 S. E. 404) ; *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330) ; *Atlanta K. & N. Railway Co.* v. *Wilson,* 119 *Ga.* 781 (6), 789 (47 S. E. 366) ; *Rusk* v. *Hill,* 121 *Ga.* 378 (49 S. E. 261) ; *Bartlett* v. *Taylor,* 147 *Ga.* 85 (2-a) (92 S. E. 940) ; *Griffin* v. *Barrett,* 185 *Ga.* 443 (2) (195 S. E. 746). The orders or judgments so reversed were those which overruled the exceptions of the defendant to the report of the examiner, and the decree of registration in favor of the petitioner and the intervening plaintiffs. The judgment of this court did not go so far even as to sustain the exceptions to the examiner's report. This was a matter for further action by the trial court, to be taken of course consistently with the law as enunciated by this court,—not, however, by reason of any direction from this court, none having been given, but because of the requirement of law that the decision should be respected and carried into effect by the court below. Code, §§ 2-3005, 6-1802, 6-1804. That is to say, the filing of the remittitur merely annuled and vacated the orders which had been reversed, leaving the examiner's report standing, as before, in favor of the plaintiff, and restoring the exceptions to their original status—neither sustained nor overruled, but ripe for disposition according to law. The effect of the reversal was to place the case just "where it stood prior" thereto *(Burch* v. *Swift,* 116 *Ga.* 595 (3), 43 S. E. 64) ; and thereafter the court should have entered an order sustaining the exceptions of law, and a *finding* sustaining the exceptions of fact, a jury trial not having been demanded. *Weed* v. *Gainesville &c. Railroad Co.,* 119 *Ga.* 576 (9) (46 S. E. 885). To have done this would have set at naught the findings which had been made by the examiner in favor of the plaintiff, removing the existing basis for a decree in her favor, but it would not have had the effect of making a finding in favor of the defendant so as to authorize a decree in favor of the latter. Nor could any such decree properly be entered in favor of the defendant, in the absence of findings of fact by the examiner sustaining her claim. There may have been testimony in the record which would have demanded a finding in favor of the defendant, and according to the former decision by this court, there *was* such testimony, but its existence *as evidence* did not authorize a judg-

ment or decree registering the land in her name, when it had not been transmuted and processed into a finding or verdict by a duly authorized fact-finding officer or tribunal,—which the judge is not, under the terms of the land-registration statute.

In *Schofield* v. *Stout,* 59 *Ga.* 537, this court reversed a judgment on the ground that the trial court erred in passing an order withholding a fund to which the evidence showed the plaintiff in error was entitled. The judgment had been rendered on a money rule, tried by the court without a jury. After reversal without direction, the judge of the trial court entered an order directing that the remittitur be entered on the minutes, and that the fund be paid to the plaintiff in error. A contesting claimant excepted, bringing the case again to this court. Upon the second appearance of the case (*Schley* v. *Schofield,* 61 *Ga.* 528), Bleckley, Justice, said: "As a general rule, where the writ of error is founded upon a trial below in which both law and fact were involved, and where the complaint is that the plaintiff in error lost his case when he was entitled to gain it, and where this court is of opinion that he was entitled to gain it, and where for that reason the judgment of the court below is reversed, a new trial follows, unless this court, by way of direction, dictates something else. A new trial follows because the former trial terminated in a wrong result. No mere suspension took place, but the trial was concluded; it was over. If there was a finding of the facts, as by a verdict, and this finding were in favor of the plaintiff in error, and became fixed upon the record, and if the error was simply in applying the law to the *found and fixed facts,* then a reversal would leave something for the court below to fall back upon; the verdict or other record finding of the facts, would furnish a basis for entering up a correct judgment, without either direction to that effect from this court, or a new trial. But when there is no verdict for the plaintiff in error, nor any other formal and fixed finding of the facts, how can such a verdict or finding be dispensed with, and a different judgment be rendered from that which was formerly rendered, unless this court gives some special direction to the case? It can not be insisted that because the evidence on which the superior court acted is set out in the bill of exceptions, or in a brief of the testimony, there is no occasion to have the facts found. The difference between a full and faithful report of the evidence, and a verdict

or finding thereon, must be obvious to everybody. Where the judge, by consent, exercises the functions of a jury, if he makes no finding, general or special, for the party entitled to prevail, that party can not prevail without a new trial, except by the mandate of this court. Be the trior of. the facts judge or jury, no party can prevail, as a general rule, without some finding by such trior in his favor. Where the judge acts as a jury, no *separate* finding of the facts is necessary, but the requisite finding is included implicitly in his general judgment. In such case, therefore, a reversal of his general judgment vacates all he has done." Jackson, Justice, dissented, not on the idea that a finding on the evidence would not be necessary in the absence of direction, but because he considered that the decision, judgment, and remittitur, taken altogether, were the equivalent of direction. The present writer questions whether a direction would have been proper in such case. How could this court enter a judgment on "raw evidence" *(Schley* v. *Schofield,* supra) any more than the trial court could have done if a jury trial had not been waived? The decision is cited, however, only for the principle that in the absence of such direction, a verdict or the equivalent is essential, and, as stated above, there was no direction in the present case. It is familiar law that the issues made by the pleadings must be determined in favor of a party before any judgment in his favor can be entered. There must be a finding of facts either by an auditor, referee, or jury,—or by the judge when he is so authorized. Otherwise, whether the judgment be void or merely voidable, it will generally be set aside on direct exception. `Georgia Railroad &c. Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822) ; *Everett* v. *Westmoreland,* 92 *Ga.* 670 (19 S. E. 37) ; *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815 (19 S. E. 31) ; *Cowart* v. *Stanton,* 104 *Ga.* 520 (2) (30 S. E. 743) ; *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250) ; *Johnson* v. *Calhoun National Bank,* 174 *Ga.* 667 (2, 3) (163 S. E. 740) ; *Cates* v. *Duncan,* 181 *Ga.* 686 (2) (183 S. E. 797) ; Colby *v.* Title Insurance & Trust Co., 160 Cal. 632 (117 Pac. 913, 35 L. R. A. (N. S.) 813, Ann. Cas. 1913A, 515) ; Owsley *v.* Johnson, 95 Minn. 168 (103 N. W. 903) ; 33 C. J. 1137, § 85. Since there was never any finding in favor of the defendant, the court erred in directing registration in her name.

■ It might be thought, however, that the judge necessarily

made a finding for the defendant in rendering the decree to which exception is taken, or, in other words, that "the requisite finding is included implicitly" in his final judgment. Compare *Russell* v. *Mohr-Weil Lumber Co.*, 115 *Ga.* 35 (41 S. E. 275) ; *Murray* v. *Hawkins*, 144 *Ga.* 613 (87 S. E. 1068), where the whole case was tried by the judge *by consent,* without a jury. The judgment can not be sustained upon this theory. The land-registration act, partly by its own terms and partly by reference, prescribes the machinery for determination of the facts, in cases falling under its provisions. Among the requirements are, conclusions of law and of fact by an examiner, proceeding as an auditor or master in chancery. Any of the parties may, within twenty days after the filing of his report, file exceptions to his conclusions of law or of fact, or to his general findings; but the fact that neither party requested a "trial by jury upon any issue of fact arising upon exceptions to the examiner's report" did not operate as a waiver of jury trial, except as to such issues of fact as might be raised by exceptions to the examiner's report. Code, § 60-304. If there had been no waiver, as stated, the exceptions should have been submitted to a jury, even though under the decision by this court a verdict sustaining the exceptions might, in the absence of other evidence, have been directed by the trial judge. This, however, would not have authorized a decree in favor of the defendant, but would merely have set aside the report of the examiner and required new findings. The waiver would have authorized the trial judge to act as jury only to the extent of passing upon the exceptions, as a jury should otherwise have done, and did not carry consent for him to act as a trior for the purpose of making the new findings. As shown above, the statute provides : "The verdict of the jury upon the questions of fact shall operate to the same extent as in the case of exceptions to an auditor's report in an ordinary case in equity. In all matters not otherwise provided for, the procedure upon the examiner's report and the exceptions thereto shall be in accordance with procedure prevailing as to auditor's reports in equity and exceptions thereto." Code, § 60-304. Under these provisions, it has been held that while an action under the land-registration act is not a case in equity, but is a purely statutory proceeding, the statute expressly makes the procedure in equity applicable to exceptions to an examiner's report in such case. *Bird* v.

*South Georgia Industrial Co.*, 150 *Ga.* 420 (104 S. E. 232) ; *Manion* v. *Varn*, 152 *Ga.* 654 (2) (111 S. E. 30) ; *McCaw* v. *Nelson*, 168 Ga. 202 (147 S. E. 364).

"In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury when approved by the judge." Code, §§ 10-402, 37-1103. "In all cases the jury shall find for or against each exception submitted, seriatim." § 10-406. "If exceptions are filed, after the same have been considered and passed upon by the court or jury, or both, as the case may be, the court shall order a verdict or a decree in accordance with the report, and the changes made by court or jury, unless the same shall require a recommitment." § 10-407. On application of these provisions, it has been held: "The only issues to be determined by a jury on the trial of exceptions of fact to an auditor's report *are those made by the exceptions,* and the jury must make a finding seriatim on each exception." (Italics ours.) *Harris* v. *Lumpkin*, 136 *Ga.* 47 (6) (70 S. E. 869) ; *Whitfield-Baker Co.* v. *Anderson*, 147 *Ga.* 242 (93 S. E. 406) ; *McDonald* v. *Dabney*, 161 *Ga.* 711 (132 S. E. 547). The only function of a jury, as expressed in the land-registration act, is to pass upon issues of fact raised by exceptions to the examiner's report, and from the statutes and decisions just cited it is equally clear that such is their only function in an equity case on the trial of exceptions of fact to an auditor's report. Accordingly, if a jury had been sitting in the present case, they could only have sustained the exceptions, and could not have made new findings. The judge acting in their place could not do more simply because a trial by jury had not been demanded; and this is true notwithstanding the evidence in the record might have demanded a finding in favor of the defendant. This may be clear enough already; but since the question is one of importance, let us test it further, even at the expense of some repetition. As a matter of fact, the whole case revolves mainly around the questions as to the effect of the reversal by this court and the propriety of a decree entered by the trial judge without new findings by an examiner; and any extended consideration will necessarily involve either amplification, or approach from different angles, with incidental repetition. The right of trial by jury is involved, and with it the question of waiver. Remember,

however, there has been no express waiver in this case. The parties merely failed to demand a jury trial upon issues specifically designated by the statute. The waiver is therefore only that which may be implied from such inaction, and it should not be extended beyond the plain meaning of the statute. *Hudson* v. *Hudson*, 98 *Ga.* 147 (26 S. E. 482); *Weaver* v. *Cosby*, 109 *Ga.* 310 (34 S. E. 680); Wittenberg *v.* Onsgard, 78 Minn. 342 (81 N. W. 14, 47 L. R. A. 143); Kearney *v.* Case, 79 U. S. 275, 285 (20 L. ed. 395, 397); Hodges *v.* Easton, 106 U. S. 408, 412 (1 Sup. Ct. 307, 27 L. ed. 169). While these authorities, as related to presumption against waiver, refer only to the constitutional right of trial by jury in common-law cases (Constitution of Georgia, Code, § 2-4501; *Poullain* v. *Brown*, 80 *Ga.* 27 (2), 5 S. E. 107), they are nevertheless relevant in this connection, for such a trial is expressly provided as a matter of right by the land-registration act (*Crowell* v. *Akin*, 152 *Ga.* 126 (2), 108 S. E. 791, 19 A. L. R. 51), and it is not qualified by the reference to equitable procedure, except perhaps as indicated in the Code, § 10-402, supra, which exception is not material in this case. We refer to the rule that in law cases all exceptions of fact shall be submitted to a jury, but that in equity cases they are to be so referred only when approved by the judge in the proper exercise of discretion. *Henderson* v. *Lott*, 170 *Ga.* 261 (3) (152 S. E. 98).

The reference in the preceding paragraph to the right of trial by jury under the land-registration act is not intended as an allusion to the right of trial by jury at common law. Whether or not this statute might be considered as providing for a special proceeding in which provision for trial by jury would not be essential to its constitutionality, it did to a limited degree provide for such trial, and it is only the right of a jury trial *as so provided by the statute,* to which the reference is intended. *Lippitt* v. *Albany*, 131 *Ga.* 629 (2) 63 S. E. 33); *Smith* v. *Duggan*, 153 *Ga.* 463 (2) (112 S. E. 458); *Metropolitan Casualty Insurance Co.* v. *Huhn*, 165 *Ga.* 667 (2), 672 (142 S. E. 121, 59 A. L. R. 719). Since there can be no presumption of waiver of trial by jury when such a trial is provided by law, and since the statute under consideration contains nothing to indicate that failure to demand a trial by jury upon issues of fact arising upon exceptions to an examiner's report should be considered as a waiver of anything except a trial by

jury upon issues of fact so arising, such implied waiver can not be treated as consent for the trial judge to embrace the entire case and try issues of fact *which did not arise upon exceptions* to the examiner's report, but which, after the sustaining of the exceptions and the annulment of the report, will exist only in the general pleadings and the evidence. It follows that the judgment can not be taken as including findings in favor of the defendant; but even if the judgment could be considered as embodying such findings, it would still be erroneous, for the reasons indicated. See 35 C. J. 201, § 111; 16 R. C. L. 217, § 34.

■ What, then, was the course to be followed in such case? The answer is, that on sustaining the exceptions to the examiner's report the case should be referred again to the same or a different examiner for a de novo investigation and report. Such is the procedure adopted by reference in the land-registration act; for, under the practice applying generally in cases referred to an auditor, where exceptions of fact are sustained, so as to leave no basis for a judgment or decree, the issues must ordinarily be again referred to an auditor, or submitted to a jury. We have seen that after the exceptions have been passed upon by the court or jury, or both, as the case may be, the court shall order a verdict or decree "in accordance with the report and the changes made by court or jury, unless the same shall require a recommitment." Code, § 10-407. In the instant case, there could be no decree in *accordance* with the report, because the report must be set aside in toto. A recommitment will therefore be necessary. Contrast *Mackenzie* v. *Flannery,* 90 *Ga.* 590 (16 S. E. 710); *Hearn* v. *Laird,* 103 *Ga.* 271 (2) (29 S. E. 973). There were no *alternative* findings in this case. Compare *Borders* v. *Vance,* 134 *Ga.* 85 (2) (67 S. E. 543); *Robinson* v. *Reese,* 175 *Ga.* 574 (4), 579 (165 S. E. 744). So far as they go, findings of fact by an auditor are analogous to a jury verdict. *Cureton* v. *Cureton,* 120 *Ga.* 559 (2), 566 (48 S. E. 162). "When a new trial has been granted by the superior court, the case shall stand on the docket for trial at the next term as though no trial had been had, subject to the rules for continuances provided in this Code." Code, § 70-401. "A case decided by the Supreme Court or Court of Appeals which is not finally disposed of by such decision, shall stand for further hearing at the term next ensuing after the decision by such court unless

the lower court is in session when the decision is made, in which event it shall stand for trial during such term of the lower court." § 70-402.

As we shall see later in this opinion, the authorities next to be noticed are not inapplicable because they may refer to actions at law, trial by jury in equity cases being provided by *statute* in this State. In *Jellico* v. *Bailie,* 130 *Ga.* 447 (60 S. E. 998), this court in a law case, on discovering an error of law affecting the ultimate finding of the auditor, said: "We think the proper disposition of the case is to reverse the judgment, with direction that the case be rereferred to the auditor, for further consideration and a new report." See also, as to recommitment or new trial, Code, § 10-305; *Hosher* v. *Fitzpatrick,* 142 *Ga.* 384 (82 S. E. 1065); *Henderson* v. *Crawford,* 148 *Ga.* 393 (96 S. E. 962); *Mayor &c. of Monroe* v. *Fidelity & Deposit Co.,* 50 *Ga. App.* 865 (178 S. E. 767); *Fidelity & Deposit Co.* v. *Monroe,* 54 *Ga. App.* 547, 551 (188 S. E. 460).

In Dundee Mortgage & Trust Co. *v.* Hughes, 124 U. S. 157 (8 Sup. Ct. 377, 31 L. ed. 357), it was held: "Under a common-law reference the court has no power to modify or vary the report of a referee as to matters of fact. Its only authority is to confirm or reject; and if the report be set aside the cause stands for trial, precisely the same as if it had never been referred." To the same effect, see Kilduff *v.* John A. Roebling's Sons Co. (C. C. A.), 150 Fed. 240; Boatmen's Bank *v.* Trower Co., 181 Fed. 804; United States *v.* Ramsey, 158 Fed. 488, where the court construed a statute of the State of Idaho which is about the same as the Georgia statute in reference to auditors. In Elkin *v.* Denver Engineering Works Co., 181 Fed. 684, 686, it was said that "after exceptions have been filed and argued the duty of the court is simply to confirm or to refuse to confirm the report. . . The practical effect of the action of the Circuit Court was to refuse to confirm the report. Had such an order been entered, the case would have stood for a new trial. We think our duty is to reverse the judgment and direct the cause to be remanded to the Circuit Court, with instructions to that court to enter an order confirming or setting aside the referee's report. If it be confirmed, judgment will be entered in favor of the plaintiffs in error. If it be set aside, the cause will stand for a new trial."

In Lyons *v.* Harris, 73 Iowa, 292 (34 N. W. 864), the court,

on construction of a statute providing that the report of a referee may be set aside and the cause referred to the same or another auditor, said: "The action is at law and the finding of facts by the referee has the force and effect of a verdict of a jury and is to be so regarded. . . Upon setting aside the report, the case may again be referred to the same or another referee. . . If the cause be not again sent to a referee, a new trial should be granted, and the case again tried upon the issues of fact, in the manner determined by law or the agreement of the parties. The cause was not submitted to the district court for the trial of the issues. The parties consented to the reference; they did not consent that the district court should try the issues. But, by the decision under consideration, the district court did determine one issue of fact upon which the decision turned. It is plain that plaintiff was by this decision deprived of the right of trial in the manner prescribed by law. Upon setting aside the finding of facts by the referee, the cause should have been again referred, or a new trial granted. As there was no order made for sending the case again to a referee, an order for a new trial should have been entered, which should have been had in the manner prescribed by law." In Stroup v. Bridger, 124 Iowa, 401 (100 N. W. 113), it was held that where a case is referred for findings of fact and conclusions of law, and the court on motion sets aside the report of the referee, it has no jurisdiction to try the issues of fact, and must either again refer the case, if the parties so agree, or, submit the issues to a jury. In Frear v. Caldwell, 76 Okla. 213 (184 Pac. 771, 772-3), it was said: "The third assignment of error is that the court erred in setting aside the findings of fact made by the referee, and made findings of its own, upon which he rendered judgment. In this the court committed error. The findings of fact of the referee have the force and effect of a special verdict of a jury. If the court refuses to approve the findings of fact of the referee, he may set the same aside, and when he does, it has the same effect as if he set aside a special verdict of a jury. He grants a new trial. Such is the holding of this court in James v. Coleman, [64 Okla. 99] 166 Pac. 210, wherein the court stated as follows: 'Where a motion for new trial is sustained and the report of the referee entirely set aside, the effect of the order is to grant a new trial, and it is erroneous for the court to make other findings of fact and render

judgment thereon.' To the same effect is the holding of the court in the case of Hale v. Marshall, supra [52 Okla. 688, 153 Pac. 167]. The findings of fact of the referee were findings for the defendants. The court set their findings of fact aside, and made a finding of his own, and found for the plaintiffs for the amount of the judgment. This was error. When he set aside the findings of fact, he granted a new trial, and could not render judgment until the cause was resubmitted." See also Burchett v. Hamil, 5 Okla. 300 (47 Pac. 1053) ; Kingfisher Improvement Co. v. Board of County Commissioners of Jefferson County, 66 Okla. 220 (168 Pac. 824). In 35 C. J. 206, § 117, it is stated: "An agreement that a cause may be referred to a referee to make findings of fact is a waiver of the right to a jury trial only on condition that the facts be found by the referee, and confers no power upon the judge to ignore such findings, and himself determine the issues of fact, and the judge has no such power unless by consent, but may only confirm or reject the findings of the referee, and, in case they are set aside, the cause stands for trial precisely the same as though it had never been referred."

It is contended by the defendant that the rule should be different in the present case, because the statute relating to land registration expressly declares that equitable procedure shall be followed. We can not sustain this contention; for, as indicated above, trial by jury in an equity case is generally a matter of right under the law of this State. It is true the right does not exist under the constitution as in common-law cases, but it is as clearly provided by statutes applicable generally to cases in equity. Code, §§ 10-402, 10-403, 10-404, 37-1101, 37-1103, 37-1104, 37-1105, 37-1205; Bemis v. Armour Packing Co., 105 Ga. 293 (31 S. E. 173) ; Green v. Valdosta Guano Co., 121 Ga. 131 (48 S. E. 948). As far back as Hargraves v. Lewis, 3 Ga. 162, it was said by this court that the "chancellor" can not "decree finally in any cause without the intervention of a jury." In the opinion delivered for the court by Judge Nisbet, the following observation was made: "It was at one time a question in Georgia, whether a jury was at all necessary in trials in equity. That is to say, whether the act of 1799, conferring chancery powers on the superior courts, did not clothe the judge with the powers of a chancellor in England. I advert to this not for the purpose of discussing the question, but of saying that

such a doubt no longer exists—that the usage of the superior courts for a long series of years has been to submit the facts in all trials in equity to a jury, and that this usage has been sanctioned by repeated acts of the legislature recognizing it." On the second appearance of the same case ·(7 *Ga.* 110 (4)), Judge Lumpkin gave the history of the relative powers and province of the court and jury in equity, under the constitution and laws of Georgia. In *Mounce* v. *Byars,* 11 *Ga.* 180 (2), the court, again speaking through Judge Nisbet, said: "We hold that in equity, as at law, the province of the jury is to try the facts; and that the judge has no more right, in equity, to pass upon the facts, than he has at law; and that it is the province of the judge, in equity as at law, to adjudge the law; and that the jury have no more power to pass upon the law of the case in equity than ·they have at law." See *Brown* v. *Burke,* 22 *Ga.* 574 (5) ; *Carter* v. *Lipsey,* 70 *Ga.* 417 (2), 422, referring to the act of 1876, by which the rule as to general verdicts in equity cases was so changed as to permit special verdicts on each issue separately. Ga. L. 1876, p. 105, Code, § 37-1104. "In equity trials in this State, whenever the truth of the facts is in dispute, the statute is imperative that the final decision ·thereon shall be by a jury." *Frank* v. *Atlanta Street Railroad,* 72 *Ga.* 338 (2). In the opinion in the latter case, it was intimated that the rule is really more strict in equity than at law.

Even on interlocutory hearing, the determination of facts by the judge is only temporary or provisional. Thus, in *Wolfe* v. *Claflin,* 81 *Ga.* 64 (2) (6 S. E. 599), where a temporary receiver had been appointed, it was said: "In a case of this kind, the chancellor may look to the whole case, its general countenance and bearing, and, after considering the case as presented by the pleadings and proofs submitted, should, if he believes the ends of justice require it, put his hands upon the property in question and keep it in statu quo until a jury can pass upon the case." And in *Lyon* v. *Lyon,* 103 *Ga.* 747 (3) (30 S. E. 575), it was declared that although the judge may have thought "there should be no interlocutory injunction, it was still the right of the plaintiff to have a hearing before a jury with a view to determining whether or not a permanent injunction should be granted." Compare *Hickson* v. *Bryan,* 75 *Ga.* 392 (2-b) ; *James* v. *Park,* 145 *Ga.* 356, 360 (89 S. E. 416) ; *Murrell* v. *North London Fine Art Co.,* 173 *Ga.*

224, 228 (160 S. E. 343); *Monroe* v. *Diamond Match Co.*, 182 *Ga.* 438 (5) (185 S. E. 814). "A decree is the judgment of the judge in equitable proceedings upon the facts ascertained." Code, § 37-1201. In the present case, after setting aside the examiner's report, there would be only *evidence* of facts, not facts ascertained. Accordingly, the record is not "perfected and settled" for a decree, within the meaning of the statute, section 26, Code, § 60-222, which section is quoted above. The language contained therein, to the effect that "if, upon consideration of such record, the title shall be found in the petitioner, the judge shall enter a decree to that effect," but "if, upon consideration of the record, he shall find that the petitioner is not entitled to a decree declaring the land entitled to registration, he shall enter judgment and decree accordingly," was clearly not intended as a modification of the other sections as to the method of ascertaining the facts, but on proper construction simply means that the trial judge shall inspect the record after it has been "perfected and settled" by ascertainment of the facts as otherwise provided, and shall thereupon enter a decree in accordance with such record. It does not dispense with findings of fact by an examiner, as contemplated by other provisions of law, although when there is an error apparent upon the face of the examiner's report "wholly irrespective of the evidence" on which it is based, the court should of course correct that error by his judgment. *Brinson* v. *Wessolowsky*, 57 *Ga.* 142; *Wade* v. *Peacock*, 121 *Ga.* 816 (49 S. E. 826). All that is here stated in regard to trial by jury in cases in equity is, of course, well known, and the restatement is made only to impress the applicability of the rule in the present case, which, it seems from the arguments presented, has not been fully realized. Exactly how is the right of jury trial involved, and how was it violated, in this case? Since the right under the land-registration act is hedged about by conditions *(Crowell* v. *Akin*, 152 *Ga.* 126 (2), 138, 108 S. E. 791, 19 A. L. R. 51), and the present case has slipped as it were into reverse gear, it is true that both the right and its violation are to some extent obscured, and some additional clarification may be apropos.

Well, the defendant has obtained a final decree without report of an examiner in her favor. If a report had been made in her favor, the plaintiff would have had the right to file exceptions of

fact thereto, and to demand a trial by jury on such exceptions. This is the only route to jury trial in such case, and it is the route to be taken before the plaintiff is concluded. This avenue was closed, however, by the procedure adopted. The plaintiff's waiver of such a trial on exceptions filed by the defendant to a report in favor of the plaintiff would not prevent her from demanding a jury trial in the event of a report in favor of the defendant and exceptions to such report by the plaintiff. The implied waiver as made would not extend to the latter situation, where the positions of the parties are reversed; nor to a judgment in defendant's favor without such procedure. *Brown* v. *State,* 89 *Ga.* 340 (15 S. E. 462) ; *Cain* v. *State,* 102 *Ga.* 610 (2) (29 S. E. 426) ; *Pelham Manufacturing Co.* v. *Powell,* 8 *Ga. App.* 38 (68 S. E. 519) ; Shores Co. *v.* Iowa Chemical Co., 222 Iowa, 347 (268 N. W. 581, 106 A. L. R. 198) (see annotation, p. 203, on "waiver as regards new or subsequent trial") ; 35 C. J. 221-223, §§ 139-141. The point here is not that a jury trial should be the next step in the case, but that neither in law nor in equity is the trial judge constituted a trior of the facts, and therefore, in equity as well as in law, where exceptions to the report of an auditor are sustained on the ground that the report is contrary to the evidence or without evidence to support it, "the case stands for trial precisely as if it had never been referred." Dundee Mortgage &c. Co. *v.* Hughes, 124 U. S. 157 (8 Sup. Ct. 377, 379, 31 L. ed. 357).

From the authorities just considered and the statutes relating to trials in cases referred to auditors, it would seem perfectly clear *on principle* that such procedure should have been adopted in the instant case, even under the practice relating to equity cases. But the point has been virtually decided by this court in an equity case: In *Jones* v. *Laramore,* 149 *Ga.* 825, 829 (102 S. E. 526), a suit for cancellation, accounting, and other equitable relief, a recommitment was expressly directed by this court. Upon the second appearance of the case it was said: "This court expressly directed a rehearing by the auditor. It is true that if this court had adopted all the findings of the auditor except on given questions, and directed the auditor to confine the rehearing to such specific questions alone, and to report only his findings thereon, the auditor would not have been authorized to pass upon all the questions of law and fact involved in the case; but this court did not give

such direction in the case, did not confine the rehearing to specific questions, and did not expressly or by fair implication direct that the auditor should not pass on all questions of law and fact involved in the case. In the absence of direction by this court, so confining the new hearing before the auditor, the reversal of the judgment of the court below was the grant of a de novo investigation before the auditor upon the facts. The rulings upon the law by this court became final and conclusive. The effect of the judgment of this court was to vacate the erroneous judgment of the court below, and the legal consequence was the grant of a hearing de novo before the auditor upon the issues of fact involved, and on all questions of law not settled by the decision of this court. *Woods* v. *Jones,* 56 *Ga.* 520; *Schley* v. *Schofield,* 61 *Ga.* 528. On the second hearing before the auditor all questions made by the original pleadings and by appropriate amendment thereto, not decided by this court on review, or not inconsistent with the opinion rendered by this court in the case, were still open for adjudication by the auditor." *Laramore* v. *Jones,* 157 *Ga.* 366, 371 (121 S. E. 411, 414). It is true that in that case a recommitment was directed by this court; but surely such direction would not have been given, over the head of the trial judge, unless it had been considered that the facts were not for determination by him, under the law. Compare *Mathewson* v. *Reed,* 149 *Ga.* 217 (2) (99 S. E. 854) ; *Henderson* v. *Lott,* 170 *Ga.* 261 (152 S. E. 98).

If there are decisions by other courts to the contrary, it might be found on investigation that the law did not provide, as in Georgia, for trial by jury in equity cases. This is merely a suggestion, however, as we have made but little examination of the outside cases on this question, deeming the law of this State to be as stated. See Carr *v.* Fair, 92 Ark. 359 (122 S. W. 659, 19 Ann. Cas. 908), and cases cited in note. Accordingly, in the present case, the sustaining of the exceptions of fact to the examiner's report will result in a new trial and require a recommitment, even though the exceptions be sustained on the ground that the report of the examiner was contrary to the evidence. *Walker* v. *Dougherty,* 14 *Ga.* 653; *Bigby* v. *Powell,* 15 *Ga.* 91; *Miller* v. *Jourdan,* 43 *Ga.* 316; *Daniel* v. *Foster,* 49 *Ga.* 303 (3) ; *Lyon* v. *Lyon,* 103 *Ga.* 747 (30 S. E. 575) ; *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816) ; *Griffin* v. *Barrett,* 185 *Ga.* 443 (2) (195 S. E. 746) ; *United*

*States Fidelity & Guaranty Co.* v. *Clarke,* 187 *Ga.* 774 (2 S. E. 2d, 608). The plaintiff is not concluded, since it will be the right of each party to introduce additional evidence on the next trial, and a different case may be presented. *Austin* v. *Central of Georgia Railway Co.,* 3 *Ga. App.* 775 (61 S. E. 998); *Hixon* v. *Callaway,* 5 *Ga. App.* 415 (63 S. E. 518); *Tuten* v. *Towles,* 36 *Ga. App.* 328 (2) (136 S. E. 537); *Scott* v. *Powell Paving Co.,* 43 *Ga. App.* 705 (159 S. E. 895); *Cook* v. *Attapulgus Clay Co.,* 52 *Ga. App.* 610 (184 S. E. 334); Town of Martin *v.* Fairbanks, 112 U. S. 670 (5 Sup. Ct. 321, 28 L. ed. 862, 864); Slocum *v.* New York Life Insurance Co., 228 U. S. 364, 380 (33 Sup. Ct. 523, 57 L. ed. 879, Ann. Cas. 1914D, 1029).

The foregoing conclusion accords strictly with the decision by this court in *Wiley* v. *Sparta,* 154 *Ga.* 1 (114 S. E. 45, 25 A. L. R. 1342). In that case the auditor reported conclusions of law and of fact under which he found that the city could not recover. The city filed no exceptions of fact, contending that under the findings of fact as made by the auditor the city was entitled to recover. The court, agreeing to this contention, sustained the exceptions of law and entered a decree in favor of the city. The judgment was affirmed by this court, not upon the theory that a judgment could be rendered without an appropriate finding, but because the findings of the auditor were in reality in favor of the city. That was not a case in which the trial judge entered a judgment without valid and sufficient findings of fact in favor of the prevailing party, nor was it a case for a recommitment. The findings of fact were left undisturbed, and were held to demand a decree in favor of the city. On the question of procedure, the identical situation was presented in *Brown* v. *Hooks,* 133 *Ga.* 345 (65 S. E. 780), s. c. 135 *Ga.* 581 (69 S. E. 1081), as shown by the record of file in this court. The present case is also distinguished by its facts from *Evans* v. *Thompson,* 143 *Ga.* 61 (84 S. E. 128), s. c. 145 *Ga.* 221 (88 S. E. 926). The issues in that case were not even submitted to an auditor, and the decision by this court upon the second appearance was merely to the effect that the plaintiff was bound by agreeing to eliminate certain issues upon the former trial. The question here under consideration was not raised in *Mortgage Bond & Trust Co.* v. *Colonial Hill Co.,* 175 *Ga.* 150 (165 S. E. 25). Nor was any such question involved in *Saunders*

v. *Staten,* 152 *Ga.* 142 (4) (108 S. E. 797, 798), where the judgment of the court without a jury was *in accordance* with the report of the examiner, which was sustained by the undisputed evidence, and on which, therefore, no issue of fact was raised. Although exceptions to the auditor's report were filed, it was held that the failure of the court "to submit such undisputed facts to a jury" was not injurious to the losing party, and not cause for a reversal. Cf. *Brown* v. *Georgia Mining &c. Co.,* 106 *Ga.* 516 (2) (32 S. E. 601); *Davidson* v. *Story,* 106 *Ga.* 799 (5) (32 S. E. 867); *Torras* v. *Raeburn,* 108 *Ga.* 345 (6) (33 S. E. 989); *Rusk* v. *Hill,* 117 *Ga.* 722 (2) (45 S. E. 42). Nor did *Law* v. *Coleman,* 173 *Ga.* 68 (159 S. E. 679), decide anything contrary to what is held in the present case. A special verdict had been returned *for the party* in whose favor the decree was entered. It was held that a decree should follow the findings of fact found by a special jury, and that in rendering such a decree the judge can not go contrary to the facts found in the special verdict, but that he may examine the pleadings, admissions made by the parties, and all undisputed facts, and that in the absence of anything to the contrary it will be presumed that the judge was authorized to enter the decree which he rendered. The court in that case was construing the decree, and held in effect that it appeared to be *in accordance with the verdict.* In the instant case the decree was not in accordance with the report which had been made by the special examiner, but was contrary thereto, being in favor of the defendant, while the report was in favor of the plaintiff. The question here relates to the authority of the trial judge, and in dealing with the case it is immaterial that the evidence accompanying the examiner's report was undisputed.

Perhaps in ordinary action, either at law or in equity, the court might at such stage consider the reference to have spent its force, and submit the case for a de novo trial before a jury, without recommitment; but in a land-registration case the report of an examiner is a prescribed link in the procedure. A study of the act as a whole (see especially sections 15, 16, 19, 20, Code, §§ 60-301, 60-302, 60-303, 60-304) can leave no reasonable doubt upon this question; and such a report being a matter required by the statute, it is not within the phrase "all matters not otherwise provided for." Code, § 60-304. While not so in Georgia, under the registration

acts of some States reference to an examiner seems to be optional with the trial judge. Jamieson v. Reynolds, 154 N. Y. S. 836; Amundson v. Glos, 271 Ill. 209 (110 N. E. 914); Jones v. York County (Nebraska statute), 26 Fed. (2d) 623. But even in the Jamieson case, supra, the appellate court directed a recommitment to the examiner, because of insufficient findings. The Georgia statute is materially different from that of Massachusetts with respect to the question sub judice. Tyler v. The Judges, 175 Mass. 71 (55 N. E. 812, 51 L. R. A. 433). The report of an examiner may or may not be *jurisdictional* in this State. A decision of this question is unnecessary in the present case, direct exception having been taken. See *Hale* v. *Owensby*, 133 *Ga.* 631 (66 S. E. 781); *Cates* v. *Duncan*, 181 *Ga.* 686 (183 S. E. 797); *Harris* v. *Woodard*, 133 *Ga.* 104 (65 S. E. 250).

From what has been said, the case must be referred again to the same or a different examiner, for a de novo investigation, with the right of either party to offer amendments and introduce evidence, as upon an original hearing.

■ We consider next the assignments of error upon the disallowance of the amendments. Much has been said in the briefs, on each side, on the question whether the amendments were too late, and on the question whether the evidence which the plaintiff asked to present could have been lawfully admitted, in view of the rule that upon the hearing of exceptions to an auditor's report "no new testimony shall be considered, except in those cases where, according to the principles of law, a new trial would be granted for newly discovered evidence." Code, § 10-405, in which still other conditions are stated. We doubt if any of the evidence could be classed as newly discovered within the rule stated; nor was there any compliance with the other conditions prescribed. This, however, does not affect the rulings which we make upon other questions, and it is really immaterial in the view which we take of the case. With respect to the amendments, we have reached the conclusion that, instead of coming too late, they were really offered too soon. The plaintiff asked for their allowance and invoked a ruling thereon after the remittitur had been filed in the office of the clerk of the trial court, but before any further proceedings had been taken. As shown in the first division of this opinion, the filing of the remittitur had the effect of vacating the

■

orders and the decree which had been reversed by this court, but it did not serve to sustain the exceptions to the examiner's report. Nor, it seems, would the judgment making the remittitur the judgment of the trial court, operate to sustain such exceptions, *when there was no superadded order or judgment to that effect.* Be that as it may, so long as these exceptions were not sustained, the report of the examiner in favor of the plaintiff continued extant; and while these proceedings stood thus opposed to each other as for trial, the plaintiff could not amend in the manner proposed, the amendment not having been offered to supply basis in the pleadings for evidence already introduced, nor as like support for any finding of fact made by the examiner. *Milner* v. *Mutual Benefit Building Association,* 104 *Ga.* 101 (3) (30 S. E. 648); *Littleton* v. *Patton,* 112 *Ga.* 438 (5) (37 S. E. 755); *Fleetwood* v. *Bibb,* 113 *Ga.* 618 (3) (38 S. E. 980); *Cureton* v. *Cureton,* 120 *Ga.* 559 (2) (48 S. E. 162); *Sterling Electric Co.* v. *Augusta Telephone &c. Co.,* 124 *Ga.* 371 (52 S. E. 541); *McCord* v. *Jackson,* 135 *Ga.* 176 (3) (69 S. E. 23); *Pitts* v. *Eppinger,* 150 *Ga.* 479 (104 S. E. 203); *Lane* v. *Tarver,* 153 *Ga.* 570 (7) (113 S. E. 452); *Whitmire* v. *Thompson,* 173 *Ga.* 174 (6) (159 S. E. 859). In *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648), it was said in effect that where a judgment *overruling* a demurrer to a petition was *reversed* by the Court of Appeals, the right of amendment was cut off when the trial judge acted upon the remittitur from the Court of Appeals and made its judgment the judgment of the trial court. The writer, speaking for himself alone, doubts the correctness of this statement, which may be obiter, but, if not, is seemingly contrary to earlier unanimous decisions by this court. See *Savannah Shoe Factory* v. *Kaiser,* 108 *Ga.* 767 (33 S. E. 404); *Atlanta &c. Railway Co.* v. *Wilson,* 119 *Ga.* 781, 789 (47 S. E. 366); *Walker* v. *Dougherty,* 14 *Ga.* 653; *Bigby* v. *Powell,* 15 *Ga.* 91; *Ragan* v. *Cuyler,* 24 *Ga.* 397; and note the reasoning in *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330), supra, although one Justice dissented in that case. See also *Ledbetter* v. *Goodroe,* 179 *Ga.* 69 (3) (175 S. E. 250); *Rutland* v. *Oliver,* 51 *Ga. App.* 206 (179 S. E. 859). The decision in *Clarke* v. *Roosevelt Memorial Association,* 37 *Ga. App.* 312 (140 S. E. 522), seems to be similar to that in the *Alexander* case. Among decisions, of which there are many, containing intimations or negative pregnants to the same effect,

see *Charleston &c. Railway Co.* v. *Miller,* 115 *Ga.* 92 (41 S. E. 252) ; *Jackson* v. *Security Insurance Co.,* 177 *Ga.* 631 (170 S. E. 787) ; s. c. 47 *Ga. App.* 626 (171 S. E. 301) ; *Kirkpatrick* v. *Faw,* 182 *Ga.* 25 (2) (184 S. E. 855) ; with cases cited in the *Alexander* case, supra, at p. 777. It is unnecessary, however, in the present case either to resolve the doubt regarding the *Alexander* case or to comment further upon the other cases referred to in this connection, for the reason that the present decision is not in conflict with any of them. That is to say, the amendments were offered before the exceptions of fact had in any manner been sustained by the trial court; and so long as the examiner's report and the exceptions thereto were still outstanding, the plaintiff could not amend except for the purposes hereinbefore indicated, and the amendments were not offered for either of these purposes.

The sustaining of the exceptions, however, will set aside the examiner's report, and the right of amendment will then reappear. After the case has reverted to that stage, amendments may be allowed either by the trial judge, before or at the time of recommitment, or by the examiner on the new hearing. Code, §§ 10-103, 60-207, 60-219. The court did not err in disallowing the amendments, in the condition of the case at the time they were offered. The foregoing conclusions are deemed not to be contrary to any of the following or other decisions cited for the defendant : *Arnold* v. *Georgia Securities Co.,* 59 *Ga. App.* 646 (2 S. E. 2d, 113) ; *Williams Realty & Loan Co.* v. *Simmons,* 188 *Ga.* 184 (3 S. E. 2d, 580) ; *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258 (3 S. E. 2d, 660).

*Judgment reversed. All the Justices concur, except Reid, C. J., disqualified, and*

GRICE, Justice, dissenting. The majority opinion rules that the judgment should be reversed, and the case recommitted for a de novo hearing before the examiner. The prevailing opinion makes it sufficiently clear that the practice and procedure concerning the action of the judge in relation to the report of the special examiner under the land-registration act is similar to that where an auditor's report is before him; and what follows is on the presumption that that premise is correct, and for convenience the word "auditor" will be used instead of "special examiner." I do not regard the language in the latter part of section 60-304 of the

Code, which is a part of the registration law, as to when a judge is authorized to recommit the report, as any enlargement of his powers from those accorded him in title 10 of the Code (§ 10-305) in relation to auditors. The basis of the decision of the majority is that there had been no finding by the examiner on which to base such a decree. I differ in toto from such an interpretation of this record. There was, I think, the absolute equivalent of a finding to that effect; and this is sufficient. The auditor filed a report of the evidence, which was before the trial court, as well as were his findings thereon. He found in favor of the applicant, whom we refer to as the plaintiff. Exception was filed thereto. The issue thus formed was for decision by the judge, in the absence of a demand for a jury. He found in favor of the finding and against the exception. This court on review held that the evidence as a matter of law demanded registration in favor of applicant's adversary, Mrs. Lankford. When the remittitur was entered, and the case reached the trial judge, what was he to do? He had before him the evidence as reported by the auditor. This court had said that it demanded a certain decree. The judge entered it, and according to the opinion of the majority his judgment for so doing should be reversed. With the evidence before the judge, and the judgment of this court adjudicating that under such evidence only one legal decree could be entered, a decree in accordance therewith was in effect a decision sustaining the exception. The fundamental error, it seems to me, in the majority opinion is the statement that the trial court entered a decree in the absence of a finding. When an auditor finds that black is white, and this court on writ of error adjudges that white is white, my view is that the trial judge, who under the statute, in the absence of a demand for a jury, passes on the exception, is justified in framing a decree based on the proposition that white is white. I think that under such circumstances there has been to all intents and purposes a finding of fact to support the decree to which exception is taken. The effect of the ruling of this court upon the former appearance of this case was to hold that under the evidence, Mrs. Lankford was entitled to have her title registered. The evidence before the trial court, when the case was again called, was the same. The report of the auditor contained the evidence. It was a part of his report. This court construed the evidence as a

whole. It adjudged its effect. It is nothing new to our law that a judge may frame a decree based in part on the undisputed evidence. *Law* v. *Coleman,* 173 *Ga.* 68 (159 S. E. 679). Indeed the land-registration law itself (Code, § 60-222) contains a provision that, "After the *record* shall have been perfected and settled, the judge of the superior court shall thereupon proceed to decide the cause; and if, upon consideration of such *record,* the title shall be found in the petitioner, the judge shall enter a decree to that effect, ascertaining all limitations, liens, encumbrances, etc., and declaring the land entitled to registration accordingly as he shall find, and such decree shall be entered upon the minutes of the superior court and become a part of the *records* thereof. If, upon consideration of the *record,* he shall find that the petitioner is not entitled to a decree declaring the land entitled to registration, he shall enter judgment and decree accordingly." (The italicized words are the writer's.) The undisputed evidence was a part of the record.

Because our Code, § 37-1201, defines a decree as "the judgment of the judge in equitable proceedings upon the facts ascertained," it does not follow that there can never be a decree unless there is a formal finding of facts. Compare § 37-1101. All of us can recall instances where the court, on the petition and answer, there being no issue of fact involved, can properly enter a decree. In such a case the decree is not based on a finding of fact. The statement that a decree must be based on a finding of fact presupposes an issue of fact.

In the majority opinion it is stated that on the second hearing before the auditor, the evidence may not be the same. The vice of that suggestion is that it presupposes a rereference to the auditor, for reasons beyond those contemplated by our Code. The opinion seems to proceed on the premise that when a jury finds in favor of an exception, the finding is thereby merely wiped out, and hence that there is no finding one way or the other. This may be true in many cases, but it does not apply when the inquiry involves the question of yes or no; and herein, it seems to me, lies the error of my colleagues, to wit, their conclusion that when a jury sustains an exception they do nothing more than to obliterate the finding. This may be true in some cases; but in others, as in this, they do more; they establish that what the auditor reported

as a fact was not a fact. If the establishment of such fact be essential to the case of the party asserting it, then by the jury's finding he loses. This follows because he has not carried the burden. The majority cite *Schley* v. *Schofield,* 61 *Ga.* 528. I find support in the following language used therein: "If there were a finding of the facts, as by a verdict, and this finding were in favor of the plaintiff in error, and became fixed upon the record, and if the error was simply in applying the law to the *found and fixed* facts, then a reversal would leave something for the court below to fall back upon; the verdict or other record finding of the facts, would furnish a basis for entering up a correct judgment, without either direction to that effect from this court, or a new trial." The report of the facts,—the "found and fixed" facts, together with the court's ruling as a matter of law, on the effect of those facts, furnishes a basis for the decree rendered, "without either direction to that effect from this court, or a new trial." I have examined all of the Georgia decisions cited in the majority opinion. None of them, in my judgment, are contrary to the views herein expressed. I have not had an opportunity, however, to consult all of those cited from foreign jurisdictions. I dissent.