4356. ATKINSON, receiver, *v.* BATTLE.

1. A judgment of the Court of Appeals, reversing a judgment of the trial court sustaining a demurrer to a plea upon the ground that no defense is therein set forth, can not be set aside on motion in the trial court, on the call of the case for trial, upon the ground that since the rendition of the decision by the Court of Appeals, the Supreme Court, in another case, announced a rule of law contrary to the decision of the Court of Appeals.

2. The Supreme Court did not, in *Wilensky* v. *Central of Georgia Ry. Co.*, 136 *Ga.* 889 (72 S. E. 418), announce a rule of law in conflict with the decision of the Court of Appeals in *Battle* v. *Atkinson*, 9 *Ga. App.* 488 (71 S. E. 775).

3. The evidence authorized the verdict in the defendant's favor.

DECIDED DECEMBER 10, 1912.

Complaint; from city court of Moultrie—Judge McKenzie. July 13, 1912.

*Rosser & Brandon, J. H. Merrill, J. A. Wilkes*, for plaintiff in error.

*T. H. Parker*, contra.

POTTLE, J. Plaintiff in error sued Battle for the amount of freight due on a car-load of live stock which had been delivered to the defendant without payment of the freight charges. The defendant pleaded that the live stock was damaged in transit, and prayed to recoup the amount of the damage. To this plea the plaintiff demurred, contending that the defendant was bound to pay the freight, and that his remedy was to bring a separate action for any damage he had sustained. The demurrer was sustained, and this judgment was reversed by the Court of Appeals, this court holding that under the practice in this State, the.

defendant might recoup his damage, and that there was nothing in the act of Congress, known as the "Hepburn act," which prohibited such recoupment. *Battle* v. *Atkinson,* 9 *Ga. App.* 488 (71 S. E. 775). After the judgment of this court was made the judgment of the trial court, and upon the call of the case for trial, the receiver moved for a "rehearing" upon his demurrer to the plea of recoupment, upon the ground that since the decision of the Court of Appeals in the case, the Supreme Court had, in *Wilensky* v. *Central of Georgia Ry. Co.,* 136 *Ga.* 889 (72 S. E. 418), announced a contrary rule. The trial court passed an order overruling the demurrer, thus adhering to the ruling announced by the Court of Appeals. Subsequently the jury returned a verdict in favor of the defendant, and the receiver's motion for a new trial was overruled. The case is here upon exceptions to the overruling of this motion and to the refusal of the court to again sustain the plaintiff's demurrer.

1. The decision as rendered by the Court of Appeals was binding upon the parties. Its judgment was duly made the judgment of the trial court, and stood thereafter for all purposes just as though the demurrer had been overruled by the trial court in the first instance and no exception had been taken. The judgment estopped the plaintiff from again raising the same question in that case. Civil Code (1910), § 5820. The pronouncement by the Supreme Court in another case of a contrary rule could not have the effect of setting aside the judgment of the Court of Appeals, a court which had complete jurisdiction of the parties and the subject-matter. Such a ruling by the Supreme Court would show that the judgment of the Court of Appeals was erroneous, but it would not authorize a reopening in the trial court of the question of law settled by that judgment.

2. But the decision of the Supreme Court in the *Wilensky* case does not, we think, go to the extent contended for. All that was held in that case was that where a consignee refused to pay the freight and accept goods in a damaged condition, he could not maintain an action against the carrier for the damages, less the freight, even where the damage exceeded the amount of the transportation charges. That the question dealt with by the Court of Appeals was not involved in the *Wilensky* case is clear, from the following excerpt from the concurring opinion of Mr. Justice

Lumpkin: "We need not stop to consider whether, under our statute in regard to recoupment, this rule has been so far modified as that, if the carrier should bring an action to recover the freight charge against the shipper or consignee, the defendant could recoup. the amount of damages arising from failure of duty by the carrier. That is a different proposition from the question whether the carrier, upon every claim that unliquidated damages have arisen to the consignee greater in amount than the freight charges fixed by contract or law, must waive his lien, deliver the goods, and rely upon a suit against the consignee, or else, though he may honestly contest the existence or amount of such damage, become, in effect, a purchaser of the goods, under an implied contract to pay their value, should a jury ultimately find the question of damages against him." It is manifest, from an inspection of the opinion of the court in that case, as well as from the opinions of the concurring Justices, that the Supreme Court confined its ruling to the question before it, and rendered no judgment upon the exact point which was before this court in the present case when it was here before.

3. The shipment was made under a special contract of affreightment which exempted the carrier from liability for injuries caused by the vicious propensities of the live stock. It is insisted by the plaintiff in error that the evidence demanded a finding that the injuries were due solely to the vicious nature of the animals. We have read the evidence carefully and we can not assent to this view of it. There was direct testimony in favor of the consignee that the internal injuries received by the live stock were such as could not have been caused from fighting, but could, and probably did, result from the negligent and improper handling of the carrier's train. This testimony made a question for the jury, and there was no abuse of discretion in refusing to disturb their verdict.

*Judgment affirmed.*