### 17019.   ROOSEVELT MEMORIAL ASSOCIATION *v.* CLARKE.

The court erred in refusing to strike the defendant's exceptions of fact numbered 4 to 10, inclusive.

DECIDED MAY 12, 1926.   REHEARING DENIED JUNE 15, 1926.

Complaint; from Fulton superior court—Judge Bell. November 16, 1925.

Application for certiorari was made to the Supreme Court.

*Walter S. Dillon,* for plaintiff.

*George & John L. Westmoreland, C. G. Reynolds, Scott & Hornbuckle,* for defendant.

LUKE, J:   The Roosevelt Memorial Association brought suit against E. Y. Clarke, alleging in substance that the association employed Clarke to obtain subscriptions and make collections in Georgia for a fund to be used for the objects and purposes of such association; that Clarke was to be paid $100 per week salary, and "had a right to incur necessary expenses for carrying on his campaign for funds;" that Clarke was indebted to the association in the sum of $4975.04 and interest thereon, for improper charges made for expenses, and $883.30 for unearned salary, all of which had been paid by the association. The defendant filed general and special demurrers, and an answer denying any and all indebted-

References, 34 Cyc. p. 861, n. 88, 95; p. 863, n. 2.

ness to the plaintiff. The case was referred to an auditor, who, in his findings of law, overruled the general and special demurrers, and overruled all objections to testimony "except where rulings appear of record." His findings of fact were partly in favor of the plaintiff and partly in favor of the defendant, the aggregate result being a finding in favor of the plaintiff, the Roosevelt Memorial Association, for the principal sum of $3,094.59, with interest from April 1, 1920.

The defendant filed exceptions to the findings of fact against him, and the plaintiff filed exceptions to the findings of fact against it. The plaintiff made a motion to strike the defendant's exceptions of fact numbered 4 to 10 inclusive, the motion was overruled by the judge of the superior court, and to that ruling the plaintiff excepts. Upon motion of counsel for the defendant the judge of the superior court directed a verdict against each and every exception of fact of the plaintiff to the report and the supplemental report of the auditor, and in favor of each and every exception of fact of the defendant to the report and the supplemental report of the auditor; and in pursuance of such verdicts judgments were entered against the plaintiff for costs of court. To the direction of these verdicts and the entering of these judgments the plaintiff excepts.

"In view of the complicated character of cases generally referred to auditors, and the length of the resulting record, there are specially strong reasons for requiring the strictest compliance with the provisions of the statute that all exceptions shall clearly and distinctly specify the errors complained of." Furthermore, each exception should contain all facts and rulings necessary to show harmful error. It should not be so incomplete as to force the court to search through the record to find either the facts or the error. If the exception sets forth some of the evidence and refers to other evidence contained in the record (without setting it forth or attaching it as an exhibit to the exception) the above-stated provisions of the statute are not complied with. *Hudson* v. *Hudson,* 119 *Ga.* 637 (10, 11). 642 (46 S. E. 874), and cit. Under this ruling the court erred in denying the plaintiff's motion to strike the defendant's exceptions of facts numbered 4 to 10 inclusive. This error rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*