## 18300. CLARKE *v.* ROOSEVELT MEMORIAL ASSOCIATION.

1. All the exceptions of fact that the plaintiff in error sought to amend having been stricken by the judgment making the remittitur from this court the judgment of the trial court, there was nothing left to amend by, and the offer to amend came too late and was properly denied.

2. It appearing that a general demurrer to the petition had already been overruled, and that this ruling had never been changed or reversed, it was not error to overrule the general demurrer interposed at the final trial.

3. The evidence sustains the verdict, and for no reason assigned did the court err.

DECIDED NOVEMBER 15, 1927.

Exceptions to auditor's report; from Fulton superior court—Judge E. D. Thomas. April 7, 1927.

*George & John L. Westmoreland,* for plaintiff in error.

*Dillon, Calhoun & Dillon,* contra.

LUKE, J. For a fuller statement of the facts in this case see *Roosevelt Memorial Association* v. *Clarke,* 35 *Ga. App.* 345 (133 S. E. 644). Suffice it to say at this time that the association sued Clarke, the case was referred to an auditor, who overruled the general and special demurrers to the petition and found in favor of plaintiff; that the judge of the superior court overruled the plaintiff's motion to strike all the defendant's exceptions of fact, numbered 4 to 10 inclusive, and directed a verdict against the plaintiff; and that this court (35 *Ga. App.* 345, supra) held that "the court erred in denying the plaintiff's motion to strike the defendant's exceptions of fact," and that "this error rendered further proceedings in the case nugatory." On October 20, 1926, the trial court rendered the following judgment: "It is ordered and adjudged that the decision of the Court of Appeals be made the judgment of this court, and that the same be entered upon the minutes." On December 17, 1926, Clarke sought to amend his exceptions of fact, and the trial judge disallowed the amendment, upon the ground that the exceptions sought to be amended had been stricken by his order making the judgment of this court the judgment of the trial court, and upon the further ground that the amendment was not sufficient in law. On April 1, 1927, the

Appeal and Error, 4 C. J. p. 1224, n. 7; p. 1226, n. 42, 43.
Pleading, 31 Cyc. p. 350, n. 27.

judge overruled a general demurrer to the petition. The case proceeded to trial, and the trial resulted in a verdict and judgment for the plaintiff. Clarke duly excepted to the disallowance of his said amendment, to the overruling of the general demurrer, and to the final judgment.

The controlling question in this case is whether the judgment making the remittitur the judgment of the trial court eliminated the exceptions of fact from the case, thus leaving nothing to amend by; or whether it did not have this effect. In the case of *Berrien County Bank* v. *Alexander*, 28 *Ga. App.* 55 (110 S. E. 311), this court held that the trial judge erred in overruling a general demurrer to a petition. When the case went back to the trial court the judge, after making the judgment of this court the judgment of his court, set aside his order so doing, and allowed an amendment to the petition. The case having been finally certified to the Supreme Court, that court (154 *Ga.* 777, 115 S. E. 648), in holding that such order, like any other judgment, could be vacated at the term of court at which it was made, said: "This right to amend was cut off when the city court acted upon the remittitur from the Court of Appeals, and made the judgment of the Court of Appeals its judgment; and the plaintiff was precluded by this latter judgment from amending his petition, as that judgment of the lower court put an end to the case, so long as it stood unrevoked." In *Atkinson* v. *Battle*, 11 *Ga. App.* 837 (76 S. E. 597), the judgment sustaining a demurrer to a plea was reversed by this court. After the remittitur from this court was made the judgment of the trial court, a motion was made for a "rehearing" upon the demurrer, because of a subsequent decision of the Supreme Court. This court said: "The decision as rendered by the Court of Appeals was binding upon the parties. Its judgment was duly made the judgment of the trial court, and stood thereafter for all purposes just as though the demurrer had been overruled by the trial court in the first instance and no exception had been taken." The case of *Savannah, Florida &c. Ry. Co.* v. *Chaney*, 102 *Ga.* 814 (30 S. E. 437), lays down this rule: "When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judg-

ment of the trial court." "In the event that a reviewing court should reverse the trial court's refusal to grant a nonsuit, the plaintiff would likewise have the privilege, at any time before the remittitur from the reviewing court was made the judgment of the lower court, to offer a sufficient amendment correcting the variance, or to show that he could supply such additional evidence as to cure the deficiency existing on the former trial." *Rice* v. *Ware*, 3 *Ga. App.* 573 (1-*b*) (60 S. E. 301).

Our conclusion is that the exceptions of fact sought to be amended had been stricken by the judgment of the trial court making the judgment of this court its judgment, and that it required no further action on the part of the trial judge to effectuate this result; and that the offer to amend the exceptions of fact came too late. It appearing that a general demurrer to the petition had already been overruled, and that this ruling had never been changed or reversed, the judgment overruling the general demurrer interposed at the final trial was not error. The evidence sustains the verdict, and for no reason assigned did the court commit error.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*