R. C. Jenkins, for plaintiff.
T. S. Candler, J. B. Jones, for defendants.

23189.   HOOD *v.* BIBB BROKERAGE CORPORATION.

DECIDED FEBRUARY 24, 1934.

*E. F. Goodrum, V. K. Meador,* for plaintiff in error.

*Nottingham & Nottingham, R. R. Jackson,* contra.

STEPHENS, J. M. H. Hood moved to set aside a judgment rendered against him as defendant, in the municipal court of Macon, in favor of the Bibb Brokerage Corporation as the plaintiff. The ground of the motion was that, because the suit was one to recover for an alleged conversion by the defendant, of a sum of money due him as salary or wages which he had previously assigned to the plaintiff out of a portion of his earned salary or wages as an employee for a railroad company, by collecting it from his debtor and converting it to his own use, and because the plaintiff had no legal title to the fund assigned and his right to recover was enforceable only in a court of equity, the judgment, having been rendered in a court of law, was a nullity. The court overruled the motion, and the judge of the superior court refused to sanction a petition for certiorari presented by the defendant. To this refusal the defendant excepted. The bill of exceptions was transmitted to the Supreme Court, and was by that court transferred to this court.

The suit as filed in the municipal court was one at law, and the plaintiff sought to recover at law, and upon an alleged right which was cognizable in a court of law. The court had jurisdiction of the subject-matter and of the parties, and, although the defendant in that suit defended upon the ground that the plaintiff's right was an equitable one only and was cognizable only in a court of equity, the court nevertheless had jurisdiction to determine this question, and the judgment against the defendant was res judicata as to the matter pleaded and of the plaintiff's right to recover. Civil Code (1910), § 4336. This was an adjudication that the plaintiff's title was not purely equitable, and therefore an adjudication of the plaintiff's right to recover at law.

The judgment for the plaintiff is not void upon the ground that the court which rendered it was without jurisdiction. It is, under the ruling in *Wilson* v. *Etheridge*, 174 *Ga.* 386, only contrary to law and without evidence to support it. This defect can be reached only by exceptions duly made to the judgment, and can not be reached by a motion to set aside the judgment upon the ground that the court which rendered it had no jurisdiction. Civil Code (1910), § 5963. The defendant having had his day in court in a case in which the court had jurisdiction of the person and of the subject-matter, the judgment against him must stand as res judicata.

The judge of the municipal court of Macon did not err in overruling the defendant's motion to set the judgment aside, and the judge of the superior court properly refused to sanction the defendant's petition for certiorari.

Attention is called to the fact that in the third line of the report of this case in *Hood* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 31 (160 S. E. 683), the word "creditor" should read "debtor."

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*