### LANKFORD et al. v. HOLTON et al.

### LANKFORD v. HOLTON et al.

JENKINS, Presiding Justice. In one way or another this constitutes the tenth appearance in this court concerning this litigation. See *Lankford* v. *Holton,* 197 *Ga.* 212 (28 S. E. 2d, 747), in which all but

the three cases then before us were enumerated. In *Lankford* v. *Holton*, 195 *Ga*. 317 (24 S. E. 2d, 292), this court adjudicated the controversy now involved against Mrs. Lankford, the present movant, and gave direction for its final determination. Subsequently, upon the return of the remittitur to the court below, Mrs. Lankford moved to recommit the case to the examiner, to amend the decree in ways not in conformity with the direction given by this court, and objected to the making of the judgment of this court the judgment of the trial court. The motions being overruled by the trial court, its judgment was affirmed by this court. *Lankford* v. *Holton*, 196 *Ga*. 434 (26 S. E. 2d, 834). Thereafter Mrs. Lankford and the heirs of H. L. Lankford brought an equitable petition to prevent the court below from entering judgment on the remittitur, which judgment of this court gave to the trial court direction as to the decree to be rendered. The trial court sustained a demurrer to the petition, setting up that there was no cause of action in behalf of Mrs. Lankford, and struck the name of Mrs. Lankford as a party plaintiff. On exceptions this ruling was affirmed in an opinion reported in *Lankford* v. *Holton*, 196 *Ga*. 631 (27 S. E. 2d, 310), in which it was said: "All questions between parties once and finally settled by a solemn decree must be considered as an end to the litigation. They can not be relitigated in other actions directly or indirectly. Final judgments of this court can not be reviewed between the same parties in the superior court or on writ of error to this court. One of the prime objects of judicial procedure is to forever settle and end disputes between litigants, and courts never look with favor on the unnecessary prolongation of litigation, and particularly disapprove attempts to ignore or evade binding judgments. All the questions that the plaintiff in error raised in her equitable petition were or could have been put in issue in the land-registration proceeding in which there is a final decree. She can not now say that this court or the trial court committed error in their decisions or decrees. If this were not true, a court of final resort would be useless, for its judgments would be meaningless and appeals unavailing." Thereafter Mrs. Lankford sought to have herself reinstated as a party plaintiff, and the refusal of the trial court to so permit was affirmed by this court in *Lankford* v. *Holton*, 197 *Ga*. 212 (28 S. E. 2d, 747). In this decision the court held: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. The judge did not err in refusing to reinstate Mrs. Mattie L. Lankford as a party plaintiff, in the petition filed by her and others on February 19, 1943, from which she had been stricken by order of April 17, 1943." Thereafter Mrs. Lankford filed a petition to vacate and set aside the decrees rendered by the superior court in response to and in accordance with the mandate of this court adjudicating the issues involved as rendered on January 13, 1943, and contained in 195 *Ga*. 317, supra. The plaintiff now excepts to the order sustaining a demurrer to this petition. *Held:*

Since it appears from the petition that the decree sought to be canceled

was entered in response to and in conformity with the judgment of this court in dealing with the main bill and cross-bill of exceptions as reported in 195 *Ga.* 317, supra, and since the only purport and effect of the complaint is that the judgment of the trial court as thus rendered, and the judgment of this court in so directing, is, as she contends, erroneous and unauthorized and for that reason void, the judgment of the court below in sustaining the demurrers must be

*Affirmed. All the Justices concur.*

No. 14803. MARCH 8, 1943. REHEARING DENIED MARCH 20, 1944.

W. C. *Lankford,* for plaintiff.
*S. F. Memory* and *R. A. Moore,* for defendants.