31206. THOMPSON, commissioner, etc., *v.* CONTINENTAL GIN COMPANY.

DECIDED APRIL 11, 1946.

*Eugene Cook, attorney-general, Victor Davidson, C. E. Gregory Jr., E. J. Clower, assistant attorneys-general,* for plaintiff in error.

*Russell, M. Striplin, Crenshaw, Hansell & Ware,* contra.

SUTTON, P. J. (After stating the above facts.) Notwithstanding that this court held, when the case was here on appeal from the judgment of the superior court overruling the defendant's demurrer to the petition, that the petition set out a cause of action for the sum sued for, $10,300, and that the action was one against the State and that the State had consented to be sued in such action (*Forrester* v. *Continental Gin Co.,* supra), the defendant now contends that the decision of the Supreme Court in *Eibel* v. *Forrester,* supra, nullified the decision of this court, in so far as a portion of the sum sued for is concerned; that the State had not consented to be sued for one of the items set out in the plaintiff's

petition and included in the $10,300 sued for in that case; and that the verdict and judgment of the superior court, as to the item of $1300, are void and should be set aside, amended, or vacated, so as to exclude this sum from the amount of the judgment.

That a judgment of a court having no jurisdiction of the person or subject-matter of an action is a mere nullity, and may be so held whenever it becomes material to the interest of the parties to consider it, is a part of our statutory law. Code, § 110-709. Also see *Smith* v. *Ferrario,* 105 *Ga.* 51 (31 .S. E. 38); *Montgomery* v. *Suttles,* 191 *Ga.* 781 (13 S. E. 2d, 781); *Franklin County* v. *Crow,* 128 *Ga.* 458 (57 S. E. 784); *Western Union Telegraph Co.* v. *Cooper,* 2 *Ga. App.* 376 (58 S. E. 517). While the State as sovereign can not be sued without its consent, and a judgment taken against the State without its consent to the action is a nullity, the State has the power to consent for an action to be brought against it in one of its courts. The State can expressly consent to be sued. *Roberts* v. *Barwick,* 187 *Ga.* 691, 694 (1 S. E. 2d, 713). When the State consents for suits to be brought against it in one of its courts, and voluntarily submits the issues involved to one of its courts having jurisdiction of the parties and of the subject-matter, the State is bound by the judgment rendered, whether it is favorable or adverse to the contentions made by the State on the trial. Such judgment is conclusive and binding on the State, with respect to the matter litigated, to the same extent as if a private person were concerned. *Central Bank & Trust Corp.* v. *State of Georgia,* 139 *Ga.* 54 (76 S. E. 587). Also see *Mason* v. *Cooper,* 19 *Ga.* 543, 544, where it was said that when a State disrobed itself of its sovereignty and litigated in one of its courts with a private citizen, it did so "upon terms of perfect equality."

The decision of this court in *Forrester* v. *Continental Gin Co.,* supra—holding that the petition set out a cause of action as against the general demurrer, that the action was one against the State, and that the State, by the act of January 3, 1938 (Ga. L. Ex. Sess. 1937-38, pp. 77, 94; Code, Ann. Supp., § 92-8436), had consented to be sued in the superior court of Fulton County for the items set out in the plaintiff's petition—was a final judgment, and was binding and conclusive on the parties. The fact that the Supreme Court, in a case between different parties, subsequently

held that the act of January 3, 1938 (Ga. L. Ex. Sess. 1937-38, pp. 77, 94; Code, Ann. Supp., § 92-8436) did not authorize an action to be brought for the refund of taxes erroneously or illegally collected prior to the effective date of said act, March 1, 1938, did not render the judgment of this court invalid, or authorize or require the superior court to enter a judgment in this case different from that adjudged by this court when the case was before it on the appeal. *Atkinson* v. *Battle*, 11 *Ga. App.* 837 (76 S. E. 597); *Southern Bell Telephone &c. Co.* v. *Glawson*, 140 *Ga.* 507 (79 S. E. 136).

This court having by solemn judgment settled the issue between the parties as to whether or not the State had consented to be sued in the superior court of Fulton County for $10,300—representing the items set out in the petition as having been illegally and erroneously collected as taxes from the plaintiff on the dates alleged in the petition—this issue can not be relitigated between the same parties by a motion to set aside a part of the verdict and judgment, which was for $10,300, upon the ground that the State had not consented to be sued for one of the items included in the $10,300 sought to be recovered by the petition. See *Lankford* v. *Holton*, 197 *Ga.* 498 (29 S. E. 2d, 498), and cit. It follows that the trial judge did not err in sustaining the defendant's plea of res judicata and in dismissing the plaintiff's motion to set aside, amend, and vacate so much of the verdict and judgment in this case as related to the sum of $1300, which the petition alleged had been illegally and erroneously collected from the plaintiff by the defendant on March 1, 1937.

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present one, and do not authorize or require a ruling different from that herein made. In *Thweatt* v. *State of Georgia*, 66 *Ga.* 673, the State authorized Thweatt to sue in the superior court of Fulton County for his salary for the years 1862 to 1865 as comptroller-general of the State of Georgia, and he filed suit in that court, alleging that the State was indebted to him for $6250 as salary for those years. On the trial it appeared that he had accepted bank notes in payment of his salary for the years mentioned, and that the debt for which the action was brought was extinguished by the plaintiff's acceptance of the bank notes. Under these facts the court granted

a nonsuit. The cases of *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790), *Epps* v. *Buckmaster,* 104 *Ga.* 698 (30 S. E. 959), *Cutts* v. *Scandrelt,* 108 *Ga.* 620 (34 S. E. 186), *Chapman* v. *Silver,* 18 *Ga. App.* 476 (89 S. E. 590), *Liltle* v. *McCalla,* 20 *Ga. App.* 324 (93 S. E. 37), *Griffin* v. *Nix,* 33 *Ga. App.* 136 .(125 S. E. 732), *Langston* v. *Nash,* 192 *Ga.* 427 (15 S. E. 2d, 481), *Parker* v. *Travelers Ins. Co.,* 174 *Ga.* 525 (163 S. E. 159, 81 A. L. R. 472), *Walson* v. *Pearre,* 110 *Ga.* 320 (35 S. E. 316), and *Robinson* v. *Attapulgus Clay Co.,* 55 *Ga. App.* 141 (189 S. E. 555), all state a well-established principle of law, that jurisdiction of the subject-matter of an action can not be conferred by agreement or consent, or be waived by the parties, or be based on an estoppel of a party to deny that it exists, and the principle ruled in the present case does not conflict with the rulings made in those cases; for, in the case at bar, this court judicially determined and adjudged that the superior court of Fulton County had jurisdiction of the subject-matter and of the parties, and this ruling and judgment is conclusive and binding on the parties and res judicata as to the jurisdiction of the superior court of the parties and subject-matter, and of the plaintiff's right to recover upon proving the allegations of its petition. Consequently, the trial court did not err in so holding. *Hood* v. *Bibb Brokerage Corp.,* 48 *Ga. App.* 606 (173 S. E. 236).

*Judgment affirmed. Felton and Parker, JJ., concur.*