### 21073. UNITED STATES CASUALTY COMPANY v. PEACHTREE-ROXBORO CORPORATION *et al.*

MOBLEY, Justice. Peachtree-Roxboro Corporation filed its petition in four counts in the Civil Court of Fulton County, seeking money damages against United States Casualty Co. The defendant filed general demurrers to counts 1, 2, and 3 and an oral motion to dismiss as to count 4, and also filed a general demurrer to count 2, on the ground that the civil court was without jurisdiction since count 2 sought relief in equity. The Civil Court of Fulton County sustained the demurrers and the motion to dismiss. The Court of Appeals reversed the civil court on each of its rulings. *Peachtree-Roxboro Corp. v. United States Casualty Co.,* 101 Ga. App. 340 (114 S. E. 2d 49). The petition for certiorari to this court was denied. After the judgment of the Court of Appeals was made the judgment of the trial court, the plaintiff filed a motion in that court, asking that the petition as a whole be dismissed, or, in the alternative, that counts 2 and 4 be dismissed on the ground that the civil court was without jurisdiction, as counts 2 and 4 attempt to state causes of action sounding in equity. The trial judge denied the motion to dismiss on the ground that the decision of the Court of Ap-

peals had fixed the law of the case. In the writ of error filed in this court, error is assigned on this judgment. *Held:* Since the defendant's motion to dismiss simply raises for a second time the identical question of the jurisdiction of the trial court, which has been previously determined by the Court of Appeals on the first appearance of this case in the appellate courts, the only question presented for decision by the instant bill of exceptions is whether or not the decision of the Court of Appeals (101 Ga. App. 340) fixed the law of the case with respect to that jurisdictional question. The Court of Appeals, and not this court, has jurisdiction to decide that issue, and the writ of error is therefore

*Transferred to the Court of Appeals.* All the Justices concur.

ARGUED NOVEMBER 15, 1960—DECIDED JANUARY 5, 1961—
REHEARING DENIED JANUARY 20, 1961.

*Nall, Miller, Cadenhead & Dennis, Robert E. Hicks,* for plaintiff in error.

*Moise, Post & Gardner, Alex McLennan, Albert G. Norman, Jr., J. William Gibson,* contra.