### 38764. UNITED STATES CASUALTY COMPANY v. PEACHTREE ROXBORO CORPORATION et al.

TOWNSEND, Presiding Judge. 1. "Legal" subrogation which is cognizable only in a court of equity seeks equitable substitution of the plaintiff to the rights of the creditor whose debt has been paid. To make such a case in equity as will come under the exclusive jurisdiction of the superior court in the first instance and of the Supreme Court on appeal, not only must the allegations of the petition show that the plaintiff is seeking equitable relief, but the prayers must either ask for such specific relief or for general relief, "and even though the allegations of the petition are such as to authorize the grant of equitable relief under suitable prayers therefor, yet if there be no prayer for the specific equitable relief or for general relief, the case presented is not an equity case" within the meaning of the Constitutional provisions relating to jurisdiction. *Jasper School District v. Gormley*, 184 Ga. 756 (193 S. E. 248). In that case the Supreme Court was called upon to decide whether the action sought to set up a claim "based *solely* upon 'legal' subrogation," over which it would have jurisdiction, or one "seeking a *money judgment only* in an action at law as for money had and received." (Italics ours). The petition showed that the plaintiff sought to recover funds advanced to certain persons and used to pay the debts of the defendant school district, and it alleged both that it was subrogated to the rights of the creditors whose debts were paid and that it was entitled to recover as for money had and received. The Supreme Court, transferring the case to the Court of Appeals, held that in the absence of a prayer appropriate to equity the case was a case at law. In *Regal Textile Co. v. Feil,* 189 Ga. 581, 584 (6 S. E. 2d 908) the rule was stated: "in order for an action to be treated as one in equity the pleader must allege or seek to allege such a cause of action

as is cognizable *only* in a court of equity . . . as distinguished from those causes of action which are cognizable at law; and the prayers or some of them must be such as are appropriate to equitable relief in the particular situation" (italics ours), but that where the action was cognizable *only* in equity, and money damages alone were sought, the fact that specific equitable relief was not prayed for would not subject the petition to general demurrer. It distinguished the *Jasper School District* case on the ground that "in that case an equitable *or* legal cause of action could have been asserted." When this case was here before (*Peachtree Roxboro Corp. v. United States Cas. Co.*, 101 Ga. App. 340, 114 S. E. 2d 49) we held that count 2 of this petition set forth a cause of action at law. Count 2 alleged facts showing that the defendant principal and its corporate surety contracted that the first defendant would construct an apartment building for the plaintiff and pay for labor and materials; that it failed to pay for some of the labor and material, and the plaintiff was forced to pay these sums which it seeks to recover of the defendants. As in the *Jasper School District* case, "There was no prayer that the plaintiff be subrogated to the rights of the parties to whom the money was paid, nor was there a prayer for general relief," but only money damages were sought. But this count of the petition does show facts placing an obligation on the defendant to repay that money which the plaintiff paid out on its behalf and which it is not in justice and good conscience entitled to retain. "Where one unjustly obtains a pecuniary advantage of another to which he is not legally entitled and refuses to make restitution, an action for unjust enrichment lies." *Trust Co. of Ga. v. S. & W. Cafeteria*, 97 Ga. App. 268, 283 (103 S. E. 2d 63). "A party compelled by operation of law to pay a debt which in equity and good faith another party should have kept him from paying may recover from the other party the amount paid" in an action at law. *Parrish v. Adams*, 22 Ga. App. 170 (3) (95 S. E. 749). We accordingly adhere to our prior ruling in this case, supra, that count 2, in the form and with the prayers which it contained, did not constitute a cause of action cognizable only in a court of equity.

2. The Supreme Court denied certiorari in *Peachtree Roxboro Corp. v. United States Cas. Co.*, supra. After receipt of

the remittitur in the trial court the defendant filed a motion to dismiss the petition, or in the alternative to dismiss counts 2 and 4 thereof, on the ground that they sounded in equity. The judgment overruling this motion to dismiss was appealed to the Supreme Court, and that court in *United States Cas. Co. v. Peachtree Roxboro Corp.*, 216 Ga. 546 (118 S. E. 2d 189), transferred the appeal to this court with the following statement: "Since the defendant's motion to dismiss simply raises for a second time the identical question of the jurisdiction of the trial court, which has been previously determined by the Court of Appeals on the first appearance of this case in the appellate courts, the only question presented for decision by the instant bill of exceptions is whether or not the decision of the Court of Appeals (101 Ga. App. 340) fixed the law of the case with respect to that jurisdictional question." Here, the plaintiff who filed the action has consistently contended that he has made a case in law and is not seeking equitable relief, and it is the defendant who is contending that the plaintiff has produced a case (albeit an insufficient case) sounding in equity. While we have no jurisdiction to hear and decide equity cases, either good or bad, we do have the duty of examining into our jurisdiction when a case is before us, and that includes the duty in the first instance of deciding whether a decision in the case must necessarily call into operation the administration of equity jurisprudence. Where a case is before us, we necessarily have the power to determine this question, and as quoted in *Wilson v. Atlanta, Knoxville &c. Ry. Co.*, 115 Ga. 171, 182 (41 S. E. 699) "the lack of power to determine should not be confounded with error in deciding a question of fact." The defendant now contends for the first time that this court had no jurisdiction and that our former decision is not the *law of the case* because it erroneously treated the suit as one in law and not in equity. In *Western & Atlantic R. Co. v. Third Nat. Bank of Atlanta*, 125 Ga. 489 (54 S. E. 621) it was held: "A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been dis-

approved by the Supreme Court in a case decided before the second appearance of the case in that court."

The judgment of an appellate court that the trial court has jurisdiction of the subject matter involved in a suit is res judicata as to the trial court's jurisdiction and is conclusive upon the parties. *Thompson v. Continental Gin Co.*, 73 Ga. App. 694, 700 (37 S. E. 2d 819). It follows that the judgment of this court holding that the trial court erred in sustaining the general demurrers is the law of the case, right or wrong, and under the decision of the Supreme Court transferring the case to this court, this narrow issue was the only one remaining to be decided.

The trial court did not err in overruling the motion to dismiss the petition.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 19, 1961.

*Nall, Miller, Cadenhead & Dennis, Robert E. Hicks, Theodore G. Frankel,* for plaintiff in error.

*Moise, Post & Gardner, Allen Post, Albert G. Norman, Jr., J. William Gibson, Alex McLennan,* contra.